ON MOTION FOR EXTENSION OF TIME
PER CURIAM.
This case was dismissed pursuant to stipulation of the parties. A matter involving conduct of counsel will be considered here. On May 31,1984, appellant, by its attorney, Alan B. Robinson, moved for an extension of time pursuant to Florida Rule of Appel-. late Procedure 9.300. As provided in the rule, Robinson stated: “Counsel has consulted with Robert Kieffer, Esquire, [appel-lee’s counsel] who has indicated he has no objection to a one-time thirty (30) day extension,” Relying on such representation, this court, on June 1, 1984, granted the extension without affording opposing counsel an opportunity to reply. On June 4, 1984, following issuance of the order, ap-pellee’s co-counsel responded to the motion stating that Kieffer had not consented to the extension.
*1156 It is essential to the expeditious handling of motions under rule 9.300 that this court be able to rely upon the accuracy of representations of counsel. The rule states in relevant part:
A motion for extension of time shall, and other motions where appropriate may, contain a certificate by the movant’s counsel that he has consulted opposing counsel and that he is authorized to represent that opposing counsel either has no objection or will promptly file an objection. (emphasis added)
Counsel within this district have generally respected and appreciated the purpose and intent of this provision as is indicated by the fact that very few instances have been called to our attention where opposing counsel denies having authorized such a representation.
In an attempt to determine the accuracy of the representation here, an order was issued to Alan B. Robinson to file a response. In his response, Robinson stated that his file contained a note “no objection appeal continuance 30 days, R. Kieffer.” In view of this conflict, the Honorable Lon Cornelius, Circuit Judge, was appointed Commissioner and was instructed to conduct a hearing for the purpose of taking testimony from the parties and then to report his findings to this court. Judge Cornelius found that there was no intentional act by either lawyer to try to mislead each other in any way, but instead it was some type of misunderstanding. The statement by Robinson as to the note in his file was not addressed.
We have concluded that the allegation in the motion and the response of Robinson do not rise to the level of contempt. It is clear, however, that he was not authorized to state that Kieffer had agreed to the extension. It is also apparent that Robinson did not have a note in his file signed by Robert Kieffer, and while he did not so state, his claim was capable of this interpretation and reflects less than the candor this court expects of attorneys practicing before it.
Costs of the transcript at the hearing before Judge Cornelius are assessed against Alan B. Robinson, Esquire.
DAUKSCH, PRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.