ON MOTION TO DISMISS •
PER CURIAM.
Appellee moves to dismiss this appeal on grounds that appellant has failed to timely file an initial brief. Appellant’s notice of appeal was filed May 10, 1985, therefore the initial brief was due July 19, 1985. See Rule 9.110(f) Florida Rules of Appellate Procedure. Appellant has not requested an extension of time within which to serve the initial brief. Appellee urges that sanctions should be imposed pursuant to Rule 9.410,Florida Rules of Appellate Procedure, for this breach of the appellate rules and urges that dismissal would be an appropriate sanction. An order was entered directing appellant to show cause why this appeal should not be dismissed in light of the failure to timely file the initial brief.
Appellant filed a response to the order to show cause and states that Rule 9.110(e), Florida Rules of Appellate Procedure, requires the clerk of court to prepare the record and transmit it to the appellate court within 110 days from the date the notice of appeal was filed. The record in this case was completed by the clerk of the lower tribunal on June 20, 1985, and was served on appellant on July 8, 1985. Counsel contends that as this appeal involves an order of involuntary hospitalization under Chapter 394, Florida Statutes (1983), the brief could not be researched and prepared without the full record. Counsel further states that he “prepared the initial brief in this cause almost immediately upon receipt of the record”. Counsel asserts that as the case involves such a serious matter, it should be treated in the same manner as an appeal in a capital case, where the briefing schedule does not begin until after the record is filed. See Rule 9.140(b)(4)(B), Florida Rules of Appellate Procedure.
The failure of attorneys to timely file briefs has become a persistent and pervasive problem for this court. The example presented by this case is by no means the first, nor the most egregious that we have faced. However, the amount of judicial time and effort, as well as the time and effort of support personnel, expended as a result of these breaches of the appellate rules has compelled us to utilize the instant case to comment on this problem.
We find there is no excuse for an attorney’s failure to request an extension of time when it becomes apparent that a brief will not be timely filed. In the past, this court has been extremely liberal in granting extensions of time if the opposing party did not object. While this policy is now being revised due to abuse resulting from our leniency in granting such motions, we will continue to grant such motions when a party shows good cause for not serving the brief in a timely fashion. We do not consider counsel’s “heavy case *361 load” good cause for requesting numerous extensions.
We have been reluctant to dismiss cases for failure to timely serve a brief or for failing to timely request an extension of time as to do so would be to penalize the litigant for the shortcomings of counsel. See Winstead v. Adams, 363 So.2d 807 (Fla. 1st DCA 1978). While we do not foreclose dismissal as a sanction for breaches of the Florida Rules of Appellate Procedure, we do reaffirm our position that it is a sanction which should be employed sparingly and only in those cases where the violations are repeated or serious. It should be noted, however, that dismissal is not the only sanction available under Rule 9.410, Florida Rules of Appellate Procedure, for breaches of appellate procedure. Other options available to the court include reprimand, striking of briefs or pleadings, costs, attorney fees, or contempt. The rule also provides for other sanctions fashioned by the court.
Turning to the instant case, we express no opinion on appellant’s argument that he should not be required to file a brief until he is in receipt of the complete record. We would point out to appellant that this court does not promulgate the rules governing appellate procedure but is charged with ensuring compliance therewith. We decline to dismiss this case or to impose other sanctions on appellant or counsel for appellant. The initial brief submitted with the response to our order to show cause is accepted as timely filed and this case shall go forward to be decided on its merits. Accordingly, the motion to dismiss is denied.
BOOTH, C.J., and MILLS and JOANOS, JJ., concur.