490 So.2d 166 (1986)
William Wade STEWART, Appellant,
v.
STATE of Florida, Appellee.
John R. TURNER, Appellant,
v.
STATE of Florida, Appellee.
Nos. 85-2162, 85-2510.
District Court of Appeal of Florida, Second District.
June 18, 1986.
*167 Mark L. Krasnow, Miami, for appellants.
Jim Smith, Atty. Gen., Tallahassee, and the Asst. Atty. General's Office, Tampa, for appellee.

ORDER IMPOSING SANCTIONS
PER CURIAM.
These appeals have been consolidated for the purpose of this order only, addressing the failure of counsel Mark L. Krasnow, Esq., to respond to orders of this court and comply with the Florida Rules of Appellate Procedure. Both of these criminal appeals are substantially delinquent, and this court's efforts to compel prosecution have been frustrated by Mr. Krasnow, attorney for appellants.

Stewart v. State
In this case the appellant's brief is approximately six months overdue, the notice of appeal having been filed on September 23, 1985. This court received a letter from the lower court clerk's office dated January 13, 1986, informing us that the transcript was not mailed because payment had not been received and "the attorney has been billed on four different occasions and reminded on the last of transmittal date." The letter showed that a copy had been sent to Mr. Krasnow.
On January 22, 1986, this court entered an order stating that "appellant shall file his brief with proper references to the record in this court by February 24, 1986, or this appeal will be dismissed and/or other sanctions may be imposed." No appellant's brief was filed and no response was made to the above order. In order to give Mr. Krasnow additional time to respond, a subsequent motion panel instructed the clerk of this court to advise Mr. Krasnow's office by telephone that the matter would be taken up at the next motion conference. Despite the clerk's telephone conversation with Mr. Krasnow's secretary, no response was filed.
On March 25, 1986, a panel of judges of this court entered a written order requiring Mr. Krasnow to appear before this court in Lakeland on April 9, 1986, to show cause why sanctions should not be imposed. On the morning of April 9, 1986, Mr. Krasnow's secretary informed this court by telephone that Mr. Krasnow was in federal court and could not appear at the prescribed hearing.
On April 11, 1986, this court entered an order requiring Mr. Krasnow to appear on May 7, 1986, "to show cause why this court should not impose sanctions on him for failure to comply with the orders of the court in this cause and to properly prosecute this appeal." On approximately May 6, 1986, Mr. Krasnow's secretary informed this court by telephone that Mr. Krasnow was in Chicago, Illinois, on another federal case that might last six weeks and that he could not appear in this court.
In deference to the Illinois federal litigation, this court on May 23, 1986, entered an order requiring Mr. Krasnow to "file a written memorandum with this court on or *168 before June 3, 1986, stating in detail why he has not prosecuted the above two appeals and stating various dates in the month of June when he will be available to appear before this court to show cause why sanctions should not be imposed for his conduct in this matter." It was further stated that failure to file the memorandum on or before the above date would result in immediate sanctions imposed by this court. This order was sent certified mail, return receipt requested, and a signed receipt has been received by this court. Nevertheless, no memorandum or other response from Mr. Krasnow has been received by this court.

Turner v. State
In this case the brief is also approximately six months overdue. On March 10, 1986, a letter was received from the lower court clerk's office advising that the record would not be forwarded due to the charges not being paid and that "the attorney's office has been contacted many times." On April 2, 1986, this court entered an order requiring Mr. Krasnow to file a response by April 8, 1986, with respect to why this appeal was not being prosecuted. On April 8, 1986, a response was filed stating that there was difficulty in locating and transcribing the jury trial, that Mr. Krasnow had worked diligently to supplement the record, and that he had received the supplemental record on April 1, 1986, and needed approximately twenty days from the date of receipt to file the brief. On April 11, 1986, this court entered an order requiring appellant's brief to be filed on or before April 28, 1986. In addition to mailing this order, the clerk's office telephoned Mr. Krasnow's office and read the order to his secretary. No brief has yet been filed. The May 23, 1986, order previously described in the discussion of the Stewart case also directed Mr. Krasnow to file a written memorandum by June 3, 1986, with respect to Turner v. State. No such memorandum has been filed.
Attorney Krasnow's flagrant disregard of the appellate rules and of this court's orders in these cases has caused this court much unnecessary labor. More importantly, his clients' appeals are not being prosecuted. This court has received several letters from Mr. Stewart, who is incarcerated, inquiring about the status of his appeal and asking if a "court date" had been set. This court is unable to decide the appeal without briefs and a record. Thus, we have no satisfactory response to Mr. Stewart whose appeal has been pending in this court much longer than contemplated by the rules of appellate procedure. While the court would have ample cause to dismiss both appeals for lack of prosecution, it is loathe to penalize appellants for the dereliction of their attorney. Moreover, the appellants would then be in a position to make a strong case for reinstatement of the appeals because of the ineffective assistance of their counsel.
Accordingly, it is the Order of this Court that:
(1) Mark L. Krasnow is hereby publicly reprimanded for his flagrant disregard of the appellate rules and the orders of this court.
(2) Mark L. Krasnow shall file appellants' briefs in each of the above cases on or before July 8, 1986.
(3) Mark L. Krasnow shall file a statement in writing on or before July 8, 1986, setting forth any reasons he may have for his failure to prosecute these appeals and comply with the orders of this court.
(4) Mark L. Krasnow shall appear in person before this court at Lakeland on July 14, 1986, at 9:30 a.m., to show cause, if any he may have, why this court should not impose additional sanctions, including payment of a fine of not less than $1,000.
(5) The Clerk of this court is directed to forward a copy of this opinion to the Florida Bar for such consideration as it deems appropriate.
IT IS SO ORDERED.
GRIMES, Acting C.J., and SCHEB and SCHOONOVER, JJ., concur.