RYDER, Acting Chief Judge.
Woodrow Teal petitions this court for the issuance of a writ of certiorari to review an order of the circuit court dismissing Teal’s appeal from a criminal traffic conviction. We grant the petition.
Teal’s appeal below proceeded along the tortuous lines we now chart. The notice of appeal was filed by private counsel August 1, 1985. Thereafter, a county judge appointed the public defender to pursue the appeal. Numerous extensions of time limitations were requested and granted to enable the court reporter to prepare a transcript, the last order allowing until September 16, 1986, for the transmittal of the record on appeal. Appellate counsel actually received the record on August 20, 1986. Two days later the circuit court, perhaps unaware of the county judge’s generosity regarding extensions, issued a “notice to dismiss.” This order, which we construe as an order to show cause, stated that dismissal would be forthcoming in ten days. The August 22 order was later retracted, probably because it was served on private counsel rather than the public defender, but another, identical order was issued September 22. Somehow that order was not filed until October 27, 1986. By *449 that time the circuit court (having received nothing from the public defender) had entered its order of dismissal. Rather than move for rehearing, the public defender merely filed a brief on Teal’s behalf November 4, 1986 along with a motion to reinstate the appeal. When that motion was denied, Teal filed the instant petition.
Basically, Teal argues that this breakdown in communication is the fault either of the clerk’s office, in which case Baggett v. Wainwright, 229 So.2d 239 (Fla.1969), would augur against dismissal of the appeal, or of the public defender, which would constitute ineffective assistance of counsel entitling Teal to belated appellate review. State v. Meyer, 430 So.2d 440 (Fla.1985). In either case, he urges, the circuit court was apprised of the problem via the motion to reinstate, and thus abused its discretion in denying that motion. The state counters that the dismissal of Teal’s appeal was justifiable as a sanction, albeit extreme, for failure to prosecute the appeal in a timely fashion. See, e.g., In re Order as to Sanctions, 495 So.2d 187 (Fla. 2d DCA 1986); Caudle v. State, 478 So.2d 359 (Fla. 1st DCA 1985). If such failure was attributable to counsel’s neglect, Teal’s remedy is a petition for habeas corpus in the appellate (circuit) court. Smith v. State, 400 So.2d 956 (Fla.1981).
Dismissal is a harsh sanction, to be applied only in the most egregious of cases, for it often penalizes the litigant for the action, or inaction, of his counsel. Winstead v. Adams, 363 So.2d 807 (Fla. 1st DCA 1978). This court is acutely aware of the caseload problems, and resulting delays in the prosecution of appeals, faced by the public defender. Haggins v. State, 498 So.2d 953 (Fla. 2d DCA 1986). Accordingly, we would resort to dismissal of indigents’ criminal appeals only in the rare exceptional case. On the other hand, we would not presume to tell the circuit court how to handle its own appellate docket unless it did so in a manner clearly viola-tive of the essential requirements of law. Here, the court probably believed that the public defender had ignored the show cause order that it signed September 22. Our court has faced similar situations in recent months, with counsel subsequently explaining that he considered his inaction a signal that the appeal should not proceed. Stewart v. State, 490 So.2d 166 (Fla. 2d DCA 1986).
However, the present case does not present exactly this situation. We cannot assume that the public defender deliberately ignored the circuit court’s show cause order, or refused to act within the ten-day grace period provided therein, because there is no record indication that he received the order before it was filed over a month later. When appellate counsel did receive the order he acted in timely fashion by filing a brief, and by notifying the circuit court of the delay in receiving its previous orders. Accordingly we must find that the dismissal of Teal’s appeal was unjustified.
The petition for writ of certiorari is granted, the writ issued, and the order denying Teal’s motion to reinstate his appeal is quashed. We remand this matter to the circuit court with directions to permit Teal’s appeal to proceed on its merits.
CAMPBELL and HALL, JJ., concur.