521 So.2d 377 (1988)
Vernon B. DOWELL and Linda Dowell, Appellants,
v.
SUNMARK INDUSTRIES, A DIVISION OF SUN OIL COMPANY OF PENNSYLVANIA, Appellee.
No. 87-941.
District Court of Appeal of Florida, Second District.
March 11, 1988.
*378 Mark Thomas Heidt of Mark Thomas Heidt, P.A., Riverview, for appellants.
Anita C. Brannon of Townsend and Arnold, Tampa, for appellee.

ORDER IMPOSING SANCTIONS
PER CURIAM.
Mark Thomas Heidt, attorney for appellants, was directed to appear before this panel February 23, 1988, to show cause why sanctions should not be imposed for failure to comply with prior orders of this court. See In re Order as to Sanctions, 495 So.2d 187 (Fla. 2d DCA 1986).
Appellants' initial brief was filed June 16, 1987. The brief contained very few record citations, set forth facts in an argumentative manner, and included references to matters not contained within the record on appeal. Appellee moved to strike the brief based on these deficiencies, and, particularly since no written response to the motion to strike was filed despite our order to do so, this court struck appellants' brief and directed the filing of a proper brief within twenty days.
On November 17, 1987, which was one day past the deadline for filing the amended brief, Heidt requested and received a thirty-day extension of time, indicating that adequate record citations could not be included in the brief unless and until the record itself was supplemented. Again the deadline came and went without the filing of an amended brief. Then, on January 8, 1988, appellee moved to dismiss the appeal, alleging that Heidt had contacted counsel for appellee December 21 indicating that the brief was being served "that day" despite the clerk's continuing failure to supplement the record, and that the clerk of the circuit court had advised that no motion to supplement the record had ever been filed.
Heidt filed his amended brief January 21, 1988. Notably, he failed to request an additional, retroactive extension of time. Accompanying the brief was a response to the motion to dismiss. Heidt controverted none of the assertions made in appellee's motion, and stated only that "the preparation of the brief took longer than anticipated due to a change in the office staff." As pointed out by appellee in its second motion to strike, the changes made by Heidt in the amended brief are insignificant. For example, the statements of the case and facts continue to include no record citations.
Based on Heidt's failure to submit a proper brief within the time frame established by orders of this court and the alleged misrepresentations by Heidt regarding supplementation of the record, we considered granting the motion to dismiss. As always, however, we were concerned that dismissal is among the harshest sanctions that an appellate court can impose, and one which may penalize the innocent client for the sins of his attorney. Stewart v. State, 490 So.2d 166 (Fla. 2d DCA 1986); Winstead v. Adams, 363 So.2d 807 (Fla. 1st DCA 1978). Therefore we directed Heidt to appear in person. Having heard from Heidt at this show cause hearing, we are *379 convinced that his conduct was unprofessional and deserving of sanction. Accordingly, it is the Order of this Court that:
(1) Within twenty days of this order Mark Thomas Heidt shall insure that the record on appeal is supplemented to the extent necessary to support the appellants' arguments on appeal.
(2) Within thirty days of this order Heidt shall file a proper brief in accordance with rule 9.210(b), Florida Rules of Appellate Procedure. Failure to comply with these provisions will result in dismissal of this appeal.
(3) Within twenty days of this order Heidt shall pay counsel for appellee the sum of $250 to cover his expenses in seeking Heidt's compliance with the rules of appellate procedure. This sum is to be paid by Heidt personally and shall not be chargeable to his clients.
We further deem appropriate the publication of this order in the Southern Reporter as a public reprimand.
IT IS SO ORDERED.
DANAHY, C.J., and THREADGILL and PARKER, JJ., concur.