ORDER IMPOSING SANCTIONS
PER CURIAM.
This order imposes sanctions in two cases in which James G. Etheredge, counsel for the appellants, did not serve the initial brief and then ignored several orders of this court.
Etheredge, representing appellant Richard Glenn Bixby in Bixby v. Bixby, case number 88-1703, filed a notice of appeal on June 30, 1988. On February 28, 1989, we issued sua sponte an order directing appellant to show cause why the appeal should not be dismissed, as the initial brief had not been served as required by Rule 9.110(f), Florida Rules of Appellate Procedure. On March 10, 1989, Etheredge filed a response stating that his firm had recently dissolved and that the brief was being prepared and *113 would be filed within ten days of the date of the response. The initial brief was never filed. On April 3, 1989, we issued an order finding that appellant’s failure to serve and file the brief within the time requested in the response evidenced a lack of due diligence and/or good faith on the part of counsel and therefore denied a request for extension of time. Appellee, citing this court’s order of April 3, 1989, moved to dismiss the appeal, and on May 1, 1989, we directed appellant to show cause why the motion to dismiss should not be granted. Appellant’s counsel filed no response to that order, so we dismissed the appeal and ordered Etheredge to appear in person to show cause why he should not be sanctioned pursuant to rule 9.410, Florida Rules of Appellate Procedure, for his failure to obey the rules and orders of this court.
Etheredge, representing the appellant in Groth v. AmSouth Bank of Florida, case number 89-82, filed a notice of appeal on December 13, 1988, but thereafter failed to serve an initial brief as required by Rule 9.110(f). Appellee moved to dismiss for failure to comply with the rules, and we issued an order directing appellant to show cause why the motion to dismiss should not be granted. Appellant’s counsel filed no response to that show cause order, so on April 18, 1989, we ordered the appeal dismissed and directed Etheredge to show cause why he should not be sanctioned for his failure to obey the rules and orders of this court. See Rule 9.410. Etheredge filed no response to that show cause order, so we ordered him to appear in person to show cause why he should not be sanctioned.
On June 19, 1989, Etheredge personally appeared before the court and conceded that he was unable to show cause why he should not be sanctioned in either case. He said that he was aware the briefs were due, but was psychologically unable to pick up the files and perform any work on the case. He admitted that he had received the show cause orders and understood his obligation to respond to those orders, but could not bring himself to work on either file. He explained that the appellants in both appeals had now decided not to pursue the appeals after they were filed, but he filed nothing with this court to so indicate. Eth-eredge said that he was currently receiving treatment from a psychologist for his mental health, but he could give no assurance to the court that his failure to comply with the rules of practice and failure to respond to the orders of this court would not recur.
We have tentatively accepted respondent Etheredge’s explanation that he is suffering mental problems at this time, but his knowing refusal and conceded lack of motivation to comply with court rules and orders cannot be overlooked. By publication of this order, James G. Etheredge is publicly reprimanded for his failure to obey the rules and orders of the court. We refer this matter to The Florida Bar with directions to immediately conduct an appropriate investigation into the continuing fitness of James G. Etheredge to practice law without supervision.
JOANOS, THOMPSON and ZEHMER, JJ., concur.