588 So.2d 38 (1991)
Richard KREBS, Petitioner,
v.
STATE of Florida, Respondent.
No. 91-545.
District Court of Appeal of Florida, Fifth District.
October 24, 1991.
Stanley M. Silver, Jr., of Katz, Jaeger & Blankner, Orlando, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David S. Morgan, Asst. Atty. Gen., Daytona Beach, for respondent.

ON MOTION FOR REHEARING
PETERSON, Judge.
In its motion for rehearing, the state alleges that we misapprehended its legal argument and concluded that it challenged the jurisdiction of this court. We grant the motion, withdraw our previous opinion, and substitute the following:
Richard Krebs petitions for certiorari review of the circuit court's dismissal of his appeal from the county court. We grant the writ. Combs v. State, 436 So.2d 93 (Fla. 1983). Krebs was convicted in the county court of violating section 327.33(3)(a), Florida Statutes, governing navigation on waterways.
The circuit court granted Krebs' belated request[1] for an extension of time to file his initial appellate brief, but Krebs failed to meet the extended due date. One month and sixteen days after that due date, the state moved to dismiss the appeal. Krebs then filed his brief before the court ruled on the motion to dismiss. The state cited rules 9.300(a) and 9.410, Florida Rules of Appellate Procedure, as authority for the dismissal.
It is an established principle of law that dismissal of an appellate proceeding should be employed sparingly and only after repeated violations or contumacious disregard of a court's orders. See, e.g., Bixby v. Bixby, 546 So.2d 112 (Fla. 1st DCA 1989); Ferguson v. Ferguson, 504 So.2d 541 (Fla. 1st DCA 1987); Caudle v. State, 478 So.2d 359 (Fla. 1st DCA 1985); Kerr McGee Chemical Corp. v. Lipford, 395 So.2d 249 (Fla. 1st DCA 1981). Here, Krebs' appellate counsel filed the initial brief late, the only violation.
We are reluctant to interfere with the lower tribunal's judgment of sanctions appropriate to redress a violation of the rules, especially where, as here, appellant's counsel compounded his error by failing to explain to the trial court, until he served a "supplement"[2] to the "Motion for Reconsideration," why the brief was not timely. Nevertheless, under the circumstances of this criminal case, dismissal of the appeal is too harsh a sanction. While it is true that *39 Krebs missed the extended deadline to file his brief, it appears from the record and the representations of counsel that the error occurred because of incorrect "tickling" or "scheduling" of the new deadline upon receipt of the extension order.[3] On January 3, 1991, a few days after service of the state's motion to dismiss, appellant served his brief.
While we have concluded that dismissal of the appeal was too harsh a sanction for this single rule violation, we note that other sanctions are available to the lower tribunal under rule 9.410, Florida Rules of Appellate Procedure, including assessment of attorney's fees against appellant's counsel for wasted time and expenses attributable to his negligence.[4]
We remand to the circuit court for consideration of the merits of Krebs' appeal from the county court and, if the trial court determines it to be appropriate, imposition of sanctions other than dismissal of the appeal for ignoring the extended due date of appellant's initial brief.
WRIT GRANTED; REMANDED.
HARRIS and GRIFFIN, JJ., concur.
NOTES
[1] The request was made six days after the initial brief was due.
[2] The certificate of service on this "Supplement" indicates it was served by mail on the same date the court ruled on the motion for reconsideration. The state asserts the detailed explanation was never made to the trial court.
[3] The extension order did not set out the due date; it merely granted appellant's motion.
[4] We assume, because it does not appear in the record, that, before filing the motion to dismiss, the state attorney did not telephone the defendant's counsel as a professional courtesy in an effort to get the brief filed. We regret this increasing trend among counsel. Perhaps, if traditional courtesies were restored, the expense to the taxpayers of this state could be reduced.