ORDER IMPOSING SANCTIONS ON COURT REPORTER
PER CURIAM.
On January 28, 1993, this court entered an order adjudicating court reporter Linda J. Beumer in contempt for failure to timely file a transcript for this appeal. We directed the trial court to conduct a hearing and to recommend what sanctions should be imposed on Beumer. We now review its order.
This criminal appeal was filed on July 7, 1992. Designations to court reporter were filed on July 28, 1992. This court reporter, on August 7th, requested a 60-day extension of time for preparation of the transcript to October 29th, stating that the trial took five days and the transcript was estimated to be 1000 pages. This court granted that extension.
On October 26th, the court reporter moved to extend the time an additional 50 days to December 15th, giving as a reason that she was “backlogged” and needed more time. This court denied that motion for extension on December 4th, and directed Beumer to file the transcript by December 19th or face sanctions. In effect, this ruling provided the court reporter an additional 54 days beyond the original 60. However, nothing occurred until this court’s order of January 5, 1993, directing Beumer to show cause within 10 days why she should not be held in contempt for violating the order of December 4, 1992. On January 20th, this court received a letter from the court reporter dated January 13th, stating that she “ran into a few delays”, had “holiday plans”, and that the transcript had now been filed.
On January 28, 1993, this court adjudicated Beumer in contempt and directed the trial court to conduct a hearing within 30 days to recommend appropriate sanctions. Hearing nothing, this court entered another order March 5, 1993, requesting a status report, which resulted in a contempt hearing being scheduled in the lower court on March 19, 1993. A transcript of that hearing reflects that Beumer had no good reason for failing to meet her deadlines other than that she was too busy. Subsequently, instead of recommending sanctions as this court directed, the lower court decided it was “without authority to recommend or impose sanctions since Ms. Beumer has not violated any order of this court.”
Florida Rule of Appellate Procedure 9.200(b)(2) and (3) provides that a transcript shall be prepared and filed within 30 days of service of the designation to the court reporter. If the transcript cannot be completed within 30 days, the reporter must request such additional time from the court as is “reasonably necessary,” and give specific reasons why additional time is needed.
Trial transcripts are essential to appellate review. In our system, which gives *473 highest priority to trials and appeals in criminal cases, an additional 60 days to prepare a transcript of a five day criminal trial is certainly at the outer limit of “reasonably necessary”. In this case, of course, the court reporter requested another 50 days at the expiration of the 60 day period, and then did not file the transcript until over a month after the expiration of that additional 50 day period. She virtually ignored the orders of this court and gave no reason for any of this, other than that she had too much work.
We are not sympathetic to requests for extraordinary extensions of time because the court reporter has too many cases. It is not as if court reporters cannot estimate how much time it will take to prepare a transcript when they know the length of the trial. This court will not tolerate court reporters delaying criminal appeals, while defendants are incarcerated, because the reporters knowingly take on more work than they can timely perform.
It is therefore ordered that Linda J. Beu-mer shall pay a fine of $250.00[1] to the clerk of this court within 30 days of the date of this order for her failure to comply with her court reporter duties in this case.
ANSTEAD, FARMER and KLEIN, JJ., concur.

. She has previously been fined by this court for the same dereliction in another case.