679 So.2d 1277 (1996)
Jay Leslie MERRITT, Appellant,
v.
PROMO GRAPHICS, INC., Riscorp, Kelly Electric and Feisco, Appellees.
No. 96-994.
District Court of Appeal of Florida, Fifth District.
September 20, 1996.
Dennis J. Hunter, Altamonte Springs, for Appellant.
Frank Wesighan, Ava F. Tunstall, and Alan Kalinoski, of Dean, Ringers, Morgan and Lawton, Orlando, for Appellees Promo Graphics, Inc. and Riscorp.
Walter Benjamin of Rissman, Weisberg, Barrett, Hurt, Donahue and McClain, P.A., Orlando, for Appellees Kelly Electric and Feisco.

ORDER ON SANCTIONS
PER CURIAM.
On July 12, 1996, appellant's counsel filed a second motion in this court to extend the time for filing an initial brief in this case. The motion certified that copies had been served on the two attorneys representing for the four appellees that same day. However, the motion failed to contain a certificate that counsel had consulted with opposing counsel as required by Florida Rule of Appellate Procedure 9.300(a). Thus, the motion was routinely denied on July 15, 1996. See Mills v. Heenan, 382 So.2d 1317 (Fla. 5th DCA 1980).
Appellant promptly, on July 18, 1996, filed a motion for reconsideration of the denial. He stated in the motion: 1) "[T]he appellant's attorney did contact both Appellees' attorneys and neither had an objection to the extension of time;" and 2) "That counsel for Appellant inadvertently failed to indicate same in its Motion for Extension of Time." Acting on this motion, on July 19, 1996, the court extended the time for filing Appellant's brief, as requested. On that same date two of the appellees filed a motion to dismiss the appeal for failure to timely file a brief. This motion was denied on July 22, 1996.
On July 19, 1996, appellant, apparently unaware that his motion for reconsideration had been granted, filed an amended motion for reconsideration. It is at this point that this case departed from being "routine." In the amended motion, appellant made the two identical representations quoted above, but attached thereto, as "support" for the motion, an affidavit executed by a paralegal of the appellant's attorney. She averred that she had called the respective secretaries for the appellees' attorneys, and that the secretaries had told her "they," or "their office," had no objection to the extension of time being requested. On July 22, 1996, because of the July 19th order, this court expressly ruled *1278 the amended motion for reconsideration was moot.
However, on July 22, 1996, both counsel for appellees filed responses directed to appellant's amended motion for reconsideration. They both indicated they had never received a copy of the second motion for extension of time, that appellant's attorney never contacted appellees' attorneys, and that they never agreed to a second extension of time.
Attached to the responses were affidavits of the respective secretaries of appellees' attorneys. One acknowledged she had been called by someone named "Trish" from appellant's office regarding an extension of time to file a brief, but she was unable to speak with her attorney, since he was out of town. She did not agree to the time extension. Trish told her the motion was going to be filed anyway.
The secretary for the other appellee's attorney averred that her office never received a copy of the second motion for an extension of time. She denied ever receiving a call requesting a time extension, and she denied ever telling anyone her attorney had no objection to the second extension. She denied speaking to the paralegal on July 12, 1996. She declared that the affidavit attached to the amended motion executed by the paralegal, at least regarding her office, was "absolutely false."
On July 23, 1996, this court ordered appellant to file a reply to the appellees' responses "instanter," and required counsel for appellant to address the factual disputes raised in the various affidavits. Having received no response from appellant's counsel, this court entered a show cause order, dated August 14, 1996, as to why sanctions should not be imposed for appellant counsel's failure to comply with the July 23rd order.
A response was received by this court on August 19, 1996. The only explanation given by appellant's counsel for the delay was a need to "investigate." Appellant's attorney admitted he had not contacted any of the opposing counsel for appellees. He said he instructed his paralegal to do so, and he relied on her to make the contact. He said this is a common and necessary practice in the current practice of law. He was unable to explain any discrepancies in the affidavits, except to suggest at least one secretary admitted she had been called, and the other appellee's law firm had such a large support staff, perhaps someone else took the call. He did not address the further discrepancy of whether the second motion for a time extension was served on opposing counsel, and why copies had not been received by appellees' attorneys.
We elect to write an opinion in connection with this order because, as we said in Hilltop Developers, Inc. v. Masterpiece Homes, Inc., 455 So.2d 1155 (Fla. 5th DCA 1984):
It is essential to the expeditious handling of motions under rule 9.300 that this court be able to rely upon the accuracy of representations of counsel.
Id. at 1155. Motion practice has been escalating in this court since 1984. The statement quoted from Hilltop, if anything, is even more critical to this court's ability to handle its judicial work today.
In Hilltop we were sufficiently concerned about counsels' possible lack of candor with this courtone claiming he had contacted the other and the other denying any contactthat we appointed a trial judge to act as Commissioner and report his findings to us. He concluded that there was no intentional act by either lawyer to try to mislead the other in any way and that instead it was some type of misunderstanding. We did not impose sanctions in that case, although we noted our dismay with the evident lack of candor presented on the record, and required counsel to pay for the costs of the transcript.
In this case it is clear that appellant's counsel's original second motion for an extension of time was not truthful. He did not contact opposing counsel and get their agreement, as he alleged. The court acted immediately on that original motion.
It now appears appellant's counsel made such representations based on his paralegal's assurances to him that she had contacted opposing counsel. However, it appears most likely that at best she spoke with staff persons in appellees' counsels' offices, and their responses to her are in dispute. This has *1279 created a swearing contest between secretaries and a paralegal to determine their veracity. None of these persons is a lawyer, and our power to discipline them for lack of candor is limited. It simply cannot be that the rules permit such an evasion of the responsibility placed on lawyers, as officers of the court. We rely on the representations made to us by lawyers, not their support staff.
An allegation that a lawyer has complied with rule 9.300 by relying on a staff person's statement that he or she spoke to another lawyer's secretary is simply not adequate to comply with the personal obligation imposed on lawyers by the rules. Rule 9.300 requires some actual contact with opposing counsel. That was missing here. Apparently, neither the lawyer nor the paralegal spoke with opposing counsel. We realize that, in a rush, it may be difficult to contact opposing counsel, or opposing counsel may not return calls. In such case it would be far better to allege that an attempt to contact was made, but failed after due diligence. Further, to avoid this kind of triple-hearsay buck passing between staff persons, illustrated by this case, some sort of acknowledgement of the contact should be made. The modern era of technology provides creative lawyers with a feast of such opportunities, including e-mail, voice mail, fax machines, and other devices. These can be employed to confirm oral communications and avoid misunderstandings, if written confirmation cannot be timely obtained.
We also note that appellant's counsel made no attempt to address the other factual dispute raised by the affidavits and pleadings. Did appellant's counsel serve opposing counsel with copies of the second motion to extend time? Why did they not receive copies? Also, appellants' counsel did not adequately address or explain why he failed to immediately respond to this court's order of July 23, 1996.
Accordingly, we find that appellant's counsel failed to comply with rule 9.300 and with this court's order of July 23, 1996. We elect to impose sanctions against him for these reasons. He shall pay the Clerk of this court the sum of $500.00 within twenty (20) days of this order. This sum shall not be charged to his client.
COBB, W. SHARP and ANTOON, JJ., concur.