PER CURIAM.
Counsel for the appellant, Michael V. Hammond, filed a motion with this court requesting an extension of time within which to file an initial brief. In accordance with rule 9.300(a) of the Florida Rules of Appellate Procedure, counsel stated in his motion that he had contacted counsel for the appel-lees and that no objection to the request for an extension had been made. Relying on that representation, this court granted the motion for an extension.
After entry of our order, counsel for the appellees filed an objection asserting that, contrary to the representation otherwise, she had not been contacted regarding appellant’s motion for an extension of time and that she did in fact object to any such extension. The grounds given for her objection were the advanced age and failing health of. the appel-lees.
Upon receipt of this objection, we directed counsel for the appellant to respond to the allegation that he had made false statements to this court. To his credit, counsel for the appellant admitted that his statements were false but then offered as an explanation the claim that at the time he signed the motion for an extension of time he believed that his assistant had contacted opposing counsel and had received no objection. He further stated that he has “instituted procedures in his office to modify the way in which opposing counsel is contacted concerning motions in all future appellate matters.”
We first point out that rule 9.300(a) of the Florida Rules of Appellate Procedure contemplates that counsel, not a secretary or an assistant, shall contact opposing counsel regarding an extension of time. As we stated in Merritt v. Promo Graphics, Inc., 679 So.2d 1277, 1279 (Fla. 5th DCA 1996), in today’s world of technology there is little excuse for not complying with the provisions of rule 9.300(a). The problem here is that appellant’s counsel delegated this important function to his assistant and then misrepresented to this court that it was he who had made the contact. Importantly, regardless of what counsel believed at the time he filed his motion, he knew that he had not made the contact. Because appellant’s counsel has failed to comply with rule 9.300(a) and has made erroneous representations to this court, we by separate order directed him to pay $250 to the clerk of this court, and he has already done so.
In closing we note that, if a lawyer is too busy to personally contact opposing counsel to determine whether there is an objection to *1162 a motion for an extension of time for filing a brief, perhaps that lawyer is overextended.
DAUKSCH, GOSHORN and ANTOON, JJ., concur.