# Third District Court of Appeal

## State of Florida

Opinion filed August 27, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

## In re:  DOWNTOWN REPORTING, LLC., et al.,

Scott W. Sakin, for Michael Frost, Charity Riviera-Garcia and Downtown Reporting, LLC.

Before SHEPHERD, C.J., and WELLS and ROTHENBERG, JJ.

SHEPHERD, C.J.

ON SHOW CAUSE ORDER

On June 20, 2014, this Court ordered Downtown Reporting, LLC, Michael Frost, the company's Owner-Manager, and Charity Riviera-Garcia, Transcription Department Manager in the company's Miami-Dade County office, to show cause why they should not be held in contempt for failure to comply with this Court's

orders, and for failure to cause the timely filing of transcripts in the following fourteen criminal appeals pending in this Court:[1]

1. Mitchell vs. State, 3D13-757
2. Debose vs. State, 3D13-2119
3. Samuel vs. State, 3D13-2559
4. Simpson vs. State, 3D13-2639
5. State v. Blanco, 3D13-2754
6. Aruca vs. State, 3D13-2765
7. Williams vs. State, 3D13-2832
8. Tisdale vs. State, 3D13-2934
9. Gutierrez vs. State, 3D13-3225
10. Gyden vs. State, 3D13-3226
11. Shearill-Williams vs. State, 3D13-3245
12. Briceno vs. State, 3D13-3263
13. Jenkins vs. State, 3D14-214
14. Rojas-Tellez vs. State, 3D14-370

Downtown Reporting, LLC, has offices in Miami-Dade and Broward Counties. Its business is the transcription of legal proceedings in both civil and criminal cases, ranging from depositions taken outside the courtroom to hearings and trial proceedings held in court. The company is one of several court reporting companies that have contracts with the State of Florida to serve as "official reporters" for all proceedings in the criminal division of the Eleventh Judicial

---

[1] The Court held a hearing on the Order to Show Cause issued in this matter on July 7, 2014. The Court also ordered Richard L. Polin, Assistant Attorney General, Maria E. Lauredo, Assistant Public Defender, "the appropriate, most knowledgeable supervisor from the Court Reporting Services Department of the Administrative Office of the Courts, Eleventh Judicial Circuit, and Linda Kelly Kearson, General Counsel to the Circuit Court to appear at the hearing. Ms. Kelly Kearson also appeared on behalf of the Court Reporting Services Department of the Administrative Office of the Courts.

Circuit comprising Miami-Dade County. Downtown Reporting is not an "official reporter" in Broward County. The order to show cause in this case concerns Downtown Reporting's disregard of orders of this Court and lack of diligence in timely producing transcripts in cases arising out of the criminal courts of Miami-Dade County, now on appeal in this Court.

Florida Rule of Appellate Procedure 9.140(f)(1) requires the record on appeal to be served by the clerk of the lower court fifty (50) days after the filing of a Notice of Appeal in all criminal cases.[2] In cases such as those before us, where the transcripts will require the expenditure of public funds—most criminal cases—Florida Rule of Appellate Procedure 9.140(f)(2)(A) requires the appellant—most often, but not always, the defendant below—to designate those portions of the transcript which he desires to be transcribed for use in the appeal within ten (10) days of the date of filing the Notice of Appeal. The appellee—the State in all but one of the fourteen cases before us—has twenty (20) days thereafter to designate additional portions of the proceedings it wishes to have included in the record. See Fla. R. App. P. 9.200(b)(1).[3] The court reporter has thirty (30) days

---

[2] Florida Rule of Appellate Procedure 9.110(e) imposes the same fifty (50) day deadline for appeals taken from final judgments and final orders in civil cases, except for appeals from final orders in dependency and termination of parental rights proceedings, which proceed on an expedited basis. See Fla. R. App. P. 9.146(g).

[3] This timeline is modified in the event of a cross appeal. All but two of the cases before us are direct appeals from a judgment of conviction and sentence. Mitchell v. State, 3D13-757, is an appeal from an order denying a motion for post-

after service of a designation to file the transcripts with the clerk of the lower tribunal. Fla. R. App. P. 9.200(b)(2). The appellant's initial brief is due thirty (30) days after the record is served. Fla. R. App. P. 9.140(g).

Significantly, however, the rule applicable to criminal cases further prescribes that, "the clerk [of the circuit court] shall not serve the record until all proceedings designated for transcription have been transcribed by the court reporter(s) and filed with the clerk." See Fla. R. App. P. 9.140(f)(1). If, as a result of court reporter delay, the record is not served by the date required, the clerk of the circuit court must (and does) file in this Court and serves on the parties and court reporter a Notice of Inability to Complete the Record. Id. In fact, a diligent court reporting firm already will have filed a motion for extension of time to file the transcripts in this Court. See Fla. R. App. P. 9.200(b)(3)(stating "If the transcript(s) cannot be completed within 30 days of the service of the designation, the approved reporter . . . shall request such additional time as is reasonably necessary and shall state the reasons therefor.") As Downtown Reporting knows, this Court is generous about granting extensions of time to court reporters and counsel in criminal cases. However, there comes a time when enough is enough. For the reasons next explained, this is one of those times.

---

conviction relief pursuant to rule 3.850 and State v. Blanco, Case No. 3D13-2754, is an appeal from an order granting a motion to dismiss the information. Cross-appeals are rare in all of these type cases, as are supplemental designations.

The dates the appellants filed their designations to the Downtown Reporting, LLC, in these fourteen cases range from September 30, 2013, to February 24, 2014.[4] Excluding the designation in <u>Mitchell v. State</u>, Case No. 3D13-757, supra,[5] Downtown Reporting was responsible for the production of seventy-two days of transcripts in the remaining thirteen cases. Between September 30, 2013 and December 31, 2013, Downtown Reporting produced two of the designated transcripts. During the next six months, from January 1, 2014 to June 20, 2014, the date the Court issued its show cause order, Downtown Reporting produced a mere twenty additional transcripts. As of June 20, 2014, fifty transcripts remained to be produced in thirteen cases.[6] In nine of the cases, the Court had placed Downtown Reporting under a "No Further Extensions (NFE) Order," pursuant to which the designated transcripts were made due on dates ranging from March 5, 2014, through June 20, 2014, with clear notice no further motions for extension of time to produce the transcripts would be entertained.[7] In

---

[4] Eight of the fourteen were filed in 2013.

[5] The designation to Downtown Reporting in <u>Mitchell v. State</u> was filed on January 14, 2014, and listed five transcript dates. On June 27, 2014, one week after this Court issued its show cause order, Downtown Reporting filed an affidavit with the trial court stating there were no transcripts for the designated dates. It took Downtown Reporting more than 150 days to make this seemingly simple determination.

[6] The transcript hearing dates for these fifty transcripts dated as far back as to May 22, 2012.

[7] Downtown Reporting had already had extensions of time ranging from 123 to 133 days in each of these cases. In one case, <u>Tisdale v. State</u>, Case No. 3D13-2934, Downtown Reporting received a de facto 166 day extension of time because

5

three other cases in which Downtown Reporting was at least sixty days beyond this Court's most recent extension order in each case, the public defender took the proverbial "bull by the horns" and filed its own show cause motions after Downtown Reporting failed to meet court-extended filing dates.

Nevertheless, in a stunning display of disregard for the processes and orders of this Court, Downtown Reporting, on June 11, 2014, moved the Court for an extension of time to July 11, 2014, to file the transcripts in all nine cases[8] on which it already had been given an NFE and in which the time for filing in all but four had expired. More remarkably, the motions were serially filed through the Court's electronic portal over a period of just a few minutes.[9] Each motion was signed and filed by the same individual, Downtown Reporting's Miami-Dade County Transcription Department Manager, Charity Rivera-Garcia. Ms. Rivera-Garcia admitted to the Court at the hearing held on the show cause order that the July 11, 2014, date inserted in each motion had no relation to the reality of what was occurring at Downtown Reporting, and that she did not ask any of the reporters before filing the motions how much time each believed was "reasonably

---

the Court overlooked ruling on one of Downtown Reporting's many motions for extension of time in these exemplar cases.

[8] Actually ten: Downtown Reporting also filed a motion for extension in <u>Mitchell v. State</u>, which it had yet to determine it had not reported the listed hearings. We disregard this mistake among mistakes.

[9] If Downtown Reporting were to meet a July 11 deadline, its reporters would have to complete and file forty-eight additional days of transcript in thirty days – twenty-six transcripts more than it produced in the prior 270 days.

necessary" to complete and file the transcripts or that particular reporter's explanation of the "reasons" for the delay.  See Fla. R. App. P. 9.200(b)(3).  This Court's show cause order issued eight days after these filings.

Discussion

This Court recognizes that the docket of the criminal division of the Circuit Court of the Eleventh Judicial Circuit is the largest in the state, placing a heavy burden on all who labor in this division of the circuit court.  However, the defendants in those courts also have a due process right to have their appeals heard in a timely manner.  See Rheuark v. Shaw, 628 F.2d 297, 302 (5th Cir. 1980) ("We are convinced that due process can be denied by any substantial retardation of the appellate process, including an excessive delay in the furnishing of a transcription of testimony necessary for completion of an appellate record.").  The obligation to assure that criminal appeals in this District are expeditiously processed ultimately falls to this Court.[10] The Court finds, based upon the record of this case, that the conduct of Downtown Reporting in these exemplar cases is, indeed contemptuous.  As counsel for Downtown Reporting concedes, this Court has the power to fine or

_____

[10] According to Ms. Kelly Kearson, the Court Reporting Service Department of the Administrative Office of the Courts has no procedure in place to attempt to monitor the performance of the court reporting firms it hires to service in the criminal division of the Circuit Court of the Eleventh Judicial Circuit.  The management practice of the Department in this regard was perplexingly described to the court by Ms. Kelly Kearson as "reactive," initiated in the usual case by a complaint by a trial judge of the service he or she was receiving.

7

take other remedial action against Downtown Reporting. See Freeman v. State, 621 So. 2d 472 (Fla. 4th DCA 1993) (imposing a $250.00 fine on a court reporter for failure to timely file a transcript for appeal). However, the Court also recognizes the large effort Downtown Reporting had made to "right its ship" since our show cause order issued. That order included a requirement that Downtown Reporting provide the Court with a report on the status of the transcripts on June 30, 2014, one week before the show cause hearing date. As of that date, Downtown Reporting had filed seventeen of the delinquent fifty transcripts.[11] On the morning of hearing, Downtown Reporting advised the Court it had completed the transcripts for all but one of the Court's fourteen exemplar cases. Based upon this showing, the Court will exercise its discretion to discharge the order to show cause.

However, the court emphasizes to Downtown Reporting and all other persons or entities that may receive a "No Further Extensions" order from this Court, that the Court says what it means, and means what it says in such an order. Failure to comply with a "No Further Extensions Order" from this Court may be deemed contemptuous, absent a showing of extraordinary good cause. Henceforth, Downtown Reporting shall timely comply with orders issued by this Court. In the

[11] It perhaps bears mention that the number of transcripts filed does not equate to completed records. As a practical matter, the brief of an appellant often cannot be prepared until counsel has access to all transcripts which have been designated for use in that particular appeal.

8

event Downtown Reporting is unable to comply with a "No Further Extension" order, Downtown Reporting shall file a proper motion indicating the extraordinary circumstances that warrant relief from the order.

So ordered.