ON MOTION TO DISMISS
PER CURIAM.
This Court’s Order of December 3, 1980, directing H. Guy Green, Esquire, to show cause why he should not be held in contempt is discharged. However, we do not condone Mr. Green’s failure to comply with the rules of appellate procedure, specifically his failure to serve an initial brief until it was over two months late and only after appellee had filed a motion to dismiss based on appellant’s disregard of the appellate rules.
Mr. Green states that the problem was “an unusual delay in receiving the transcripts from the trial”. However, it is appellant’s duty to ensure that the record is properly prepared and transmitted. Rule 9.200(e), Fla.R.App.P. Further, the trial transcript is not included in the record on appeal transmitted to this Court and Mr. Green has not moved to supplement the record with the transcript.
H. Guy Green, Esquire, is hereby publicly reprimanded for his failure to properly conduct the prosecution of this appeal. However, since dismissal is a harsh sanction which is to be used sparingly, appellee’s motion to dismiss is denied. Winstead v. Adams, 363 So.2d 807 (Fla. 1 DCA 1978).
Appellant shall have thirty (30) days to supplement the record on appeal with the trial transcript. Rule 9.200(f), Fla.R.App.P. If the supplemental record is transmitted within that time, this appeal will be determined on its merits; if it is not, the appeal will be dismissed.
MILLS, C. J., and BOOTH and LARRY G. SMITH, JJ., concur.