757 So.2d 1280 (2000)
MIRAGE POOLS, INC., Petitioner,
v.
Richard DEWITT and Lisa Dewitt, Respondents.
No. 4D00-625.
District Court of Appeal of Florida, Fourth District.
May 31, 2000.
Gina E. Caruso of Hinshaw & Culbertson, Fort Lauderdale, for petitioner.
Richard Dewitt and Lisa Dewitt, Palm Beach Gardens, pro se.
POLEN, J.
Mirage Pools, Inc. petitions this court for a writ of certiorari to review the order of the circuit court, appellate division, which denied reconsideration of an earlier order dismissing Mirage's appeal to that *1281 court for failure to timely file an initial brief. We have jurisdiction. See Haines City Community Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995). Because the circuit court did not give the required notice of its intent to dismiss Mirage's appeal, we grant the petition and quash the order under review.
The question in this case is whether the circuit court gave Mirage notice of its intent to dismiss its appeal. Florida Rule of Appellate Procedure 9.410 requires that the court give ten days notice to a party before dismissing its appeal. Fla. R.App. P. 9.410. Here, the record shows that the circuit court sent its order to show cause on why the appeal should not be dismissed to the wrong address; therefore, we hold it failed to give Mirage the required ten-day notice before dismissing its appeal for failure to file an initial brief. See Shaw v. State, 715 So.2d 1148 (Fla. 4th DCA 1998) (granting certiorari and quashing circuit court's order dismissing appeal where circuit court did not give petitioner ten-day notice required by Rule 9.410). Accordingly, because the circuit court failed to comply with the appellate rules regarding notice, we quash the order under review. See Marty v. Bainter, 709 So.2d 185 (Fla. 1st DCA 1998) (granting certiorari and quashing circuit court's order dismissing appeal as sanction for failure to comply with appellate rules, where circuit court did not give petitioner ten-day notice required by Rule 9.410). On remand, the circuit court shall reinstate Mirage's appeal.
STONE, AND TAYLOR, JJ., concur.