PER CURIAM.
Allen Radin has filed an appeal from an order of the circuit court, sitting in its appellate capacity, which dismissed his appeal from a county court judgment and awarded attorney’s fees to the respondent. We treat the appeal as a petition for writ of certiorari. Fla. R.App. P. 9.040(c). We grant the petition as it relates to the dismissal of the appeal.
The circuit court first dismissed the appeal when the petitioner failed to file an initial brief in compliance with the Florida Rules of Appellate Procedure. Subsequently, the circuit court vacated that order and gave the petitioner 20 days to file his initial brief. In the order, the circuit court advised the petitioner that the lack of legal representation did not excuse his need to comply with the Florida Rules of Appellate Procedure.
More than four months later, the circuit court entered a second order dismissing the appeal and remanding the case to the county court for an award- of attorney’s fees. The dismissal was based on the petitioner’s failure to comply with the rules and his failure to pay the clerk’s fee. The next day, the circuit court filed a separate order of dismissal. The petitioner filed a motion for rehearing from the order granting attorney’s fees and a separate motion to vacate or set aside the order of dismissal. These motions were denied. It is from these orders that the petitioner seeks relief.
This court has dismissed the appeal from the order awarding fees, pursuant to Winkelman v. Toll, 632 So.2d 130 (Fla. 4th DCA 1994). We now address the petition as it relates to the order dismissing the appeal.
Florida Rule of Appellate Procedure 9.410 provides:
After 10 days’ notice, on its own motion, the court may impose sanctions for any violation of these rules, or for the filing of any proceeding, motion, brief, or other paper that is frivolous or in bad faith. Such sanctions may include reprimand, contempt, striking of briefs or pleadings, dismissal of proceedings, costs, attorneys’ fees, or other sanctions.
While the circuit court warned the petitioner to comply with the rules in its order setting aside the first dismissal, no notice of an intent to invoke sanctions," pursuant to Florida Rule of Appellate Procedure 9.410, was provided to the petitioner prior to the second order of dismissal. This failure mandates that the petition be granted and the order dismissing the appeal be quashed. Mirage Pools, Inc. v. Dewitt, 757 So.2d 1280 (Fla. 4th DCA 2000). This court, as did the circuit court, emphasizes the petitioner’s need to comply with the Florida Rules of Appellate Procedure in the future or risk the potential of sanctions in the circuit court.
The petition is granted and the circuit court order dismissing the appeal is quashed.
STONE, KLEIN and MAY, JJ„ concur.