870 So.2d 866 (2004)
UNITED AUTOMOBILE INSURANCE COMPANY, Petitioner,
v.
TOTAL REHAB & MEDICAL CENTER, as assignee of Ovil Gaspard, Respondent.
United Automobile Insurance Company, Petitioner,
v.
Care First Medical Center, Inc., as assignee of Janice Isaza, Respondent.
United Automobile Insurance Company, Petitioner,
v.
Open MRI & Diagnostic Imaging, Inc., as assignee of Martha Castillo, Respondent.
Nos. 3D03-2126, 3D03-2447, 3D03-2580.
District Court of Appeal of Florida, Third District.
February 4, 2004.
*867 Stuart B. Yanofsky; Mark A. Gatica; Lawrence Root, for petitioner.
Christian Carrazana, for respondent Total Rehab & Medical Center; John H. Ruiz, Miami, for respondent Care First Medical Center, Inc.; Rodier & Rodier and Brian M. Rodier, Hallandale, for respondent Open MRI & Diagnostic Imaging, Inc.
Before SCHWARTZ, C.J., and COPE, LEVY, GERSTEN, GODERICH, GREEN FLETCHER, SHEVIN, RAMIREZ, WELLS, and SHEPHERD, JJ.

*868 On Hearing En Banc

COPE, J.
In these consolidated petitions for writ of certiorari, United Automobile Insurance Company seeks reinstatement of three appeals which were dismissed by the appellate division of the circuit court. Because there had been no fair warning that dismissal could result from failure to file the appellant's initial brief by the deadline, we conclude that the petitions are well taken and grant them.

I.
Each of the cases now before us originated as a county court action against United Automobile Insurance Company (United Auto) to recover personal injury protection (PIP) benefits. In each case, judgment was entered against United Auto, and United Auto filed an appeal to the circuit court, appellate division. In each case, the appellate division granted extensions of time for United Auto to file its initial brief.
In United Automobile Insurance Co. v. Total Rehab & Medical Center, No. 3D03-2126, the circuit court granted United Auto a fourth extension of time, with the appellant's initial brief to be due May 26, 2003. The order did not contain any warning that no further extensions of time would be allowed.[1] United Auto filed the brief on May 28, 2003, two days late. The following day the appellate division dismissed the appeal.
In United Automobile Insurance Co. v. Care First Medical Center, No. 3D03-2447, the circuit court granted a second motion for extension of time, with the appellant's initial brief to be due July 7, 2003. The order did not contain any warning that no further extensions of time would be allowed. On August 7, United Auto moved for a further extension of time. On August 8, the circuit court denied the motion without comment, and United Auto states that it received the order August 13. On August 14, the appellate division on its own motion dismissed the appeal.
In United Automobile Insurance Co. v. Open MRI & Diagnostic Imaging Center, No. 3D03-2580, the circuit court granted a second extension of time to July 23, 2003. The order did not contain any warning that no further extensions of time would be allowed. On July 23, United Auto moved for a further extension. On July 28, plaintiff-appellee Open MRI & Diagnostic Imaging filed an objection and motion to dismiss the appeal. On July 29, the circuit court denied the extension of time without comment. On August 4, United Auto requested reconsideration, and on August 7 filed the initial brief along with a motion to accept the brief as timely filed. On August 28, the appellate division dismissed the appeal.
From each of the dismissal orders, United Auto has filed a petition for writ of certiorari in this court. Two members of the court suggested that the petitions be considered en banc. See Fla. R.App. P. 9.331(c)(Hearings En Banc). The court has granted hearing en banc (without oral argument) and now grants the petitions.[2]
*869 III.
The principles applicable here are well-established. First, Florida has long-standing public policy in favor of deciding controversies on the merits. See North Shore Hosp., Inc. v. Barber, 143 So.2d 849, 853 (Fla.1962); Apolaro v. Falcon, 566 So.2d 815, 816 (Fla. 3d DCA 1990). "Dismissal is regarded as an extreme sanction and for that reason is normally reserved for the most flagrant violations of the appellate rules." Philip J. Padovano, Florida Appellate Practice § 16.8 at 240 (2004 ed.) (footnote omitted); see also id. § 6.7.
Second, the appellate rules allow extensions of time for most steps in the appellate process, including extensions of time for filing briefs. Fla. R.App. P. 9.300. Successive extensions of time are permissible unless the court has issued an order indicating that no further extensions will be allowed, or the equivalent.[3]
Third, considerations of fairness dictate that if a failure to file the brief by the deadline may subject the appeal to dismissal, there must fair warning of that fact in advance.
Based on the foregoing, the great weight of Florida authority holds that the failure to file an initial brief by the deadline is not sufficient cause to justify dismissal of the appeal, unless there has been fair warning, in advance, that this consequence may flow from a late filing. See Mirage Pools, Inc. v. Dewitt, 757 So.2d at 1280; Irvin v. Williams, 736 So.2d 705 (Fla. 1st DCA 1999); Leonard v. First Union Nat'l Bank, 685 So.2d 98 (Fla. 3d DCA 1997); Hastings v. State, 640 So.2d 115 (Fla. 2d DCA 1994); Craig v. Preston, 593 So.2d 578 (Fla. 3d DCA 1992); Krebs v. State, 588 So.2d 38 (Fla. 5th DCA 1991); Moose v. State, 519 So.2d 61 (Fla. 2d DCA 1988); Kerr McGee Chemical Corp. v. Lipford, 395 So.2d 249 (Fla. 1st DCA 1981); cf. McClain v. Florida Power & Light Co., 523 So.2d 1245 (Fla. 1st DCA 1988) (persistent violations and failure to respond to court orders; appeal dismissed); Swicegood v. Florida Dept. of Transp., 394 So.2d 1111 (Fla. 1st DCA 1981) (brief overdue for two and one half months; inadequate response to court order). But see Famiglio v. Accredited Prof'l Servs., Inc., 592 So.2d 257 (Fla. 2d DCA 1991) (denying certiorari relief; facts not stated). If dismissal of the appeal is not justified but sanctionable conduct has occurred, then sanctions may be imposed. See Philip J. Padovano, Florida Appellate Practice § 16.8, at 241-42; Hastings, 640 So.2d at 117; Krebs, 588 So.2d at 39; Moose, 519 So.2d at 62-63.
Because these cases originated in the county court and proceeded to appeal in the circuit court's appellate division, the scope of our certiorari review is quite restricted. See Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889-90 (Fla.2003); *870 Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000); Haines City Cmty. Dev. v. Heggs, 658 So.2d 523 (Fla.1995). This court's inquiry "is limited to whether the circuit court afforded procedural due process and whether it applied the correct law." Ivey, 774 So.2d at 682 (citations omitted). "[T]he district court should examine the seriousness of the error and use its discretion to correct an error only when there has been a violation of [a] clearly established principle of law resulting in a miscarriage of justice." Id. (citations and internal quotation marks omitted). The Ivey decision suggests that in granting certiorari we should address the certiorari standards, see id. at 683, and accordingly we do so here.
We conclude that there has been a departure from the essential requirements of law, as the law in this area is well-established. The result in the cases now before us is a dismissal for procedural default without fair warning. This amounts to a miscarriage of justice within the meaning of the certiorari cases. Further, prior district court of appeal decisions have found the issue now before us to be appropriate for certiorari review. See Mirage Pools, 757 So.2d at 1280-81; Irvin, 736 So.2d at 705; Leonard, 685 So.2d at 98; Hastings, 640 So.2d at 116; Craig, 593 So.2d at 578.
We recognize that the appellate division has considerable discretion in the control and management of its own docket, and rightly so. In the present cases, however, the certiorari standards have been satisfied. As the three appeals should not have been dismissed, we quash the dismissal orders now before us.
Certiorari granted.
NOTES
[1] There had been an earlier such order extending the time to May 16, 2003 (containing the language "or face dismissal") but by a later-dated order (which did not carry the "or face dismissal" terminology) the time was extended to May 26.
[2] Several earlier petitions challenging appellate division dismissal orders were denied without opinion. United Auto. Ins. Co. v. Abdon Medical Group Service, No. 3D03-2448, 861 So.2d 41 cert. denied (Fla. 3d DCA Nov. 11, 2003); United Auto. Ins. Co. v. West Gables Open MRI Services, No. 3D03-2199, 856 So.2d 1008 cert. denied (Fla. 3d DCA Oct. 3, 2003); United Auto. Ins. Co. v. Dynamic Medical Services, No. 3D03-2184, 856 So.2d 1007 cert. denied (Fla. 3d DCA Oct. 1, 2003); United Auto. Ins. Co. v. West Gables Open MRI Services, No. 3D03-2544, 855 So.2d 67 cert. denied (Fla. 3d DCA Sept. 26, 2003); United Auto. Ins. Co. v. Abiomed Professional Group, No. 3D03-2289, 856 So.2d 1007 cert. denied (Fla. 3d DCA Sept. 11, 2003); United Auto. Ins. Co. v. Stat Technologies, Inc., No. 3D03-2198, 856 So.2d 1008 cert. denied (Fla. 3d DCA Oct. 3, 2003).
[3] For example, where the court becomes aware that the initial brief has not been filed, but there was no previous "no further extensions" order, it is customary to enter an order giving the party ten days to file the initial brief with a warning that failure to comply may result in dismissal of the appeal. The Fourth District has explained that the ten-day notice corresponds to the ten-day period referenced in Florida Rule of Appellate Procedure 9.410, which addresses sanctions which may be imposed in an appellate proceeding. Mirage Pools, Inc. v. Dewitt, 757 So.2d 1280 (Fla. 4th DCA 2000).