SHEPHERD, J.
Petitioner seeks a writ of certiorari to quash an order of the Circuit Court Appellate Division dismissing its appeal for failing to timely file its initial brief. We have jurisdiction under Article V, section 4(b)(3), Florida Rule of Appellate Procedure 9.030(b)(2)(B), and grant the petition.
United Automobile Insurance Company (“United Auto”), the Petitioner here, was an unsuccessful defendant in a personal injury protection (PIP) action brought against it in Miami-Dade County Court. United Auto then appealed to the Circuit Court Appellate Division. Its initial brief was due on January 10, 2004. However, the Circuit Court acting in its appellate capacity granted United Auto an extension until February 9, 2004. Rather than file its initial brief on that date, however, United Auto filed a motion to consolidate two related proceedings and a motion to supplement the record. The motion to consolidate was granted on that date, but the motion to supplement was left pending. On March 2, 2004, the Respondent, Active Spine, filed a motion to dismiss the appeal for failing to timely file an initial brief. That motion was granted on March 26, 2004, while the motion to supplement the record remained pending. This petition followed.
“Because [this] case originated in the county court, the scope of our review is quite restricted.” United Auto. Ins. Co. v. Total Rehab & Medical Ctr., 870 So.2d 866 (Fla. 3d DCA 2004) (citations omitted). As we noted in that case, which arose out of *1236 the dismissal of multiple eases for failure of the same Petitioner to take advantage of extensions of time granted, “[t]his court’s inquiry ‘is limited to whether the circuit court afforded procedural due process and whether it applied the correct law.’ ” Id. at 870 (citing Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000)). “Existing case law establishes that the departure from the essential requirements of the law[1] necessary for the issuance of a writ of certio-rari [in these types of cases] is something more than a simple legal error.” Ivey, 774 So.2d at 682.
Florida Rule of Appellate Procedure 9.300(b) states in relevant part: “Except as prescribed by subdivision (d) of this rule, service of a motion shall toll the time schedule of any proceeding in the court until disposition of the motion.” The motion to supplement the record filed by United Auto below is not included in subdivision (d). Therefore, United Auto’s motion to supplement the record tolled the due date for the filing of its initial brief. The law on this point is well-established. See Downey v. Zier & Hacker, P.A., 556 So.2d 509 (Fla. 4th DCA 1990) (granting writ when motion to supplement record was timely served prior to the due date of the initial brief). Accordingly, we are compelled to conclude in this case, as we did in our earlier United Auto decision, that the there has been a departure from the essential requirements of law within the meaning of Ivey and grant relief.
Petition granted and order of dismissal quashed.

. In Haines City Community Development v. Heggs, 658 So.2d 523, 530 (Fla.1995), the Florida Supreme Court concluded that the term “applied the correct law” is synonymous with "observing the essential requirements of law.” See also Ortega v. United Auto. Ins. Co., 847 So.2d 994, 996, n. 1 (Fla. 3d DCA 2003).