931 So.2d 1058 (2006)
BOULDER MANAGEMENT, INC., Petitioner,
v.
The CHARIS HEALING MINISTRIES & The Rev. Paul J. Schweinler, Respondents.
No. 4D05-4309.
District Court of Appeal of Florida, Fourth District.
June 28, 2006.
Shula E. Mizrachi of Weinstein & Associates, P.A., Coral Springs, for petitioner.
No appearance for respondents.
PER CURIAM.
Boulder Management, Inc. (Boulder), the defendant landlord in a landlord-tenant dispute, seeks certiorari review from an order of the Broward County circuit court, in its appellate capacity, which dismissed Boulder's appeal from a county court final money judgment against it and the order denying its motion for rehearing. We grant the petition.
In dismissing the appeal, the circuit court granted the motion filed by the respondent tenants, the plaintiffs/appellees below, which was based on Boulder's failure to file a timely initial brief. Boulder admits that its first motion for extension of time to file the initial brief was not served until some two weeks after the deadline for serving the initial brief, and it does not indicate whether it presented, at the hearing on its several motions for extension, *1059 any good cause for failing to serve that motion within the time frame for serving the initial brief.
However, the filing of briefs is not jurisdictional and the appellate rules allow for extensions of time for most steps in the appellate process, including the filing of briefs. Dismissal is a sanction which the appellate court should not have imposed without first giving Boulder ten days to file its initial brief, along with fair warning in advance that a failure to file the brief by the deadline may subject its appeal to dismissal. See Fla. R.App. P. 9.410 (requiring that an appellate court give ten days notice before imposing sanctions, such as dismissal, for the violation of any of the Florida Rules of Appellate Procedure); Mirage Pools, Inc. v. Dewitt, 757 So.2d 1280 (Fla. 4th DCA 2000); United Auto. Ins. Co. v. Total Rehab & Med. Ctr., 870 So.2d 866 (Fla. 3d DCA 2004) (en banc).
As the circuit court departed from the essential requirements of law, we quash the order of dismissal and remand for further proceedings.
Granted.
STEVENSON, C.J., STONE and FARMER, JJ., concur.