PER CURIAM.
Nicaragua Trader Corp. (“the tenant”) seeks certiorari review of an order dismissing its appeal to the circuit court appellate division from a county court summary judgment. We grant the petition for writ of certiorari.
Alejo Florida Properties, LLC, (“the landlord”) sued the tenant to terminate a lease on commercial property. The county court granted the landlord’s motion for summary judgment, removing the tenant from possession.[1] The tenant then appealed the judgment to the circuit court appellate division.
The tenant requested three extensions of time to file its initial appellate brief. The first two motions were granted, giving the tenant until February 9, 2009, to file the brief. Each motion was rubber stamped stating, “failure to comply with this order may result in dismissal of the appeal or other sanctions.” Five days before the filing deadline, the tenant filed a third motion for extension of time, which the court summarily denied. The tenant subsequently moved for reconsideration of the denial order.
Without ruling on the motion for reconsideration, the court entered an order dismissing the appeal for failure to comply with the court’s prior orders. Again, the tenant moved for reconsideration, and concomitantly filed its initial brief. The court nevertheless denied the tenant’s motion for reconsideration and dismissed the appeal.
On petition for writ of certiorari, the tenant asserts that the circuit court denied it due process and departed from the essential requirements of law. First, the tenant asserts that its initial motion for reconsideration tolled the time for filing the initial brief. Second, the tenant argues the court failed to give the ten-day warning required under Florida Rule of Appellate Procedure 9.410. Further, tenant maintains its brief, which was filed shortly after dismissal, demonstrates meritorious defenses to the eviction action. We agree that dismissal here denied the tenant due process.
On second-tier certiorari review, this Court must determine whether the circuit court, acting in its appellate capacity, afforded procedural due process and followed the essential requirements of law. See Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889-90 (Fla.2003). In so doing, we are guided by two well-settled principles. At a minimum, due process requires that a court give a litigant reasonable notice of a deadline before the deadline arrives. See Perez & Perez, M.D., P.A. v. Holder, 867 So.2d 622 (Fla. 2d DCA 2004). *397 Additionally, Florida’s public policy favors deciding controversies on their merits. See N. Shore Hosp., Inc. v. Barber, 143 So.2d 849 (Fla.1962).
Florida Rule of Appellate Procedure 9.300(b) provides for tolling proceedings pending disposition of certain motions. A motion for extension of time to file a brief tolls the time for filing until the motion is ruled on. See Kuznik v. State, 604 So.2d 37 (Fla. 2d DCA 1992). A ten-day warning must be given to litigants prior to imposing a sanction. See Fla. R.App. P. 9.410.
Concerning sanctions, Florida courts generally require that a sanction be commensurate with the violation, and deem a dismissal an extreme sanction justified only for the most flagrant violations. See Mercer v. Raine, 443 So.2d 944 (Fla.1983). The failure timely to file a brief has not been deemed serious enough to warrant the sanction of dismissal. See e.g., United Auto. Ins. Co. v. County Line Chiropratic Ctr., 8 So.3d 1258 (Fla. 4th DCA 2009); Lindsey v. King, 894 So.2d 1058 (Fla. 1st DCA 2005); Holder, 867 So.2d at 622; United Auto. Ins. Co. v. Total Rehab. & Med. Ctr., 870 So.2d 866 (Fla. 3d DCA 2004); Irvin v. Williams, 736 So.2d 705 (Fla. 1st DCA 1999).
Here, the tenant’s initial motion for reconsideration tolled the time for filing its brief until such time as the court issued a ruling. The court never ruled on this motion. Therefore, the tenant’s brief was filed before it was technically due.
Further and more importantly, the court dismissed the appeal without giving the tenant the ten-day notice Rule 9.410 requires. The only communication regarding possible consequences of a late filing was the short warnings stamped on the granted motions. The stamp warned that failure to comply with the order may result in dismissal of the appeal or other sanctions. The record shows no order specifically warning the appellant that his appeal would be dismissed if the brief was not filed within ten days. Thus, the court imposed the ultimate sanction of dismissal without the required ten-day notice.
Accordingly, we grant the petition for writ of certiorari, quash the dismissal order, and remand for reinstatement of the appeal.
Petition granted; order quashed.

. The order of removal was stayed pending appeal.