MONACO, C.J.
 

 We have for review the order of the trial court dismissing the complaint of the ap
 
 *179
 
 pellant Calvin A. Johnson, with prejudice.
 
 [1]
 
 Because the order contains insufficient findings, we reverse and remand for further consideration.
 

 The trial court dismissed Mr. Johnson’s complaint at a pretrial conference. Based on the odd happenings that preceded the dismissal, we can guess that the trial judge may have taken that action because he perceived that Mr. Johnson had failed to comply with one or more court orders. In any event, the order dismissing the complaint simply read:
 

 Upon consideration of the pretrial hearing on March 9, 2009,[
 
 2
 
 ] with the plaintiff appearing Pro Se, and David Collins appearing for the Defendant, Velma Virginia Skarvan, this court orders and adjudges as follows:
 

 1. The plaintiffs[,] Calvin Johnson, lawsuit against the defendant Velma Virginia Skarvan is hereby dismissed with prejudice.
 

 Dismissal with prejudice is an extreme sanction that should be reserved for those aggravating circumstances in which a lesser sanction would fail to achieve a just result.
 
 Kozel v. Ostendorf,
 
 629 So.2d 817 (Fla.1993);
 
 but see Levine v. Del Am. Props., Inc.,
 
 642 So.2d 32 (Fla. 5th DCA 1994) (affirming an order of dismissal that detailed with particularity the disruptive and contumacious behavior of the litigant as the reason for the sanction of dismissal and finding that the factors set forth in
 
 Kozel
 
 do not apply where the disruptive behavior is caused by the litigant and not the litigant’s lawyer). While a trial court undoubtedly has discretion after due consideration of the
 
 Kozel
 
 factors to dismiss a complaint for noncompliance with a court order, the dismissal order must contain explicit findings of willful noncompliance.
 
 See Scallan v. Marriott Int’l, Inc.,
 
 995 So.2d 1066 (Fla. 5th DCA 2008);
 
 see also Commonwealth Fed. Sav. & Loan Ass’n v. Tubero,
 
 569 So.2d 1271 (Fla.1990). While the trial court may well have been justified in dismissing the present case with prejudice, the lack of the requisite finding of willful noncompliance in the order and the failure to consider the
 
 Kozel
 
 factors requires reversal.
 
 Id.; see also Hanna v. Indus. Labor Serv., Inc.,
 
 636 So.2d 773 (Fla. 1st DCA 1994). We, therefore, reverse and remand for further consideration consistent with this opinion.
 

 REVERSED and REMANDED.
 

 GRIFFIN and TORPY, JJ„ concur.
 

 [1]
 

 . We previously considered this case in
 
 Johnson v. Skarvan, 992
 
 So.2d 873 (Fla. 5th DCA 2008).
 

 [2]
 

 . The order misstates the date of the pretrial conference; it was held on March 4, 2009.