PER CURIAM.
 

 Petitioner, Mary Tucker, timely petitions this court for a second-tier writ of certiorari, following the dismissal of her appeal by the circuit court, sitting in its appellate capacity, for failure to timely file an initial brief within fifteen days of filing her notice of appeal.
 
 See
 
 Fla. R.App. P. 9.130 (“Appellant’s initial brief ... shall be served within 15 days of filing the notice”). As the petitioner was not given proper notice of the court’s intent to dismiss, as required under Florida Rule of Appellate Procedure 9.140, we grant the petition, in part. We deny the petition as to the remaining claim without discussion.
 

 Following the county court’s denial of petitioner’s motion to set aside default judgment, she timely filed a notice of ap
 
 *1208
 
 peal in the circuit court. When approximately one month passed and petitioner did not file an initial brief, the respondent moved to dismiss the appeal for not following the appellate rules. One week later, petitioner filed a motion for an extension of time. A hearing was held on the motion to dismiss and, that same day, the court entered an order dismissing the appeal. Petitioner, however, was not given notice by the court at any point in time that her appeal was in jeopardy of being dismissed for lack of filing an initial brief.
 

 In
 
 Boulder Management, Inc. v. Charts Healing Ministries,
 
 931 So.2d 1058, 1059 (Fla. 4th DCA 2006), we granted certiorari when the circuit court, sitting in its appellate capacity, dismissed an appeal based upon Boulder’s failure to timely file an initial brief. Although Boulder moved for an extension of time to file the initial brief two weeks
 
 after
 
 the brief was due, we explained that, “the filing of briefs is not jurisdictional and the appellate rules allow for extensions of time for most steps in the appellate process, including the filing of briefs. Dismissal is a sanction which the appellate court should not have imposed
 
 without first giving Boulder ten days to file its initial brief, along with fair warning in advance that a failure to file the brief by the deadline may subject its appeal to dismissal.” Id.
 
 (emphasis added). We held that the circuit court departed from the essential requirements of law and similarly find the same here.
 

 Concerning sanctions, Florida courts generally require that a sanction be commensurate with the violation, and deem a dismissal an extreme sanction justified only for the most flagrant violations.
 
 See Mercer v. Raine,
 
 443 So.2d 944 (Fla.1983). The failure timely to file a brief has not been deemed serious enough to warrant the sanction of dismissal.
 
 See e.g., United Auto. Ins. Co. v. County Line Chiropractic Ctr., 8
 
 So.3d 1258 (Fla. 4th DCA 2009) [citations omitted].
 

 Nicaragua Trader Corp. v. Alejo Fla. Props., LLC,
 
 19 So.3d 395, 397 (Fla. 3d DCA 2009).
 

 Accordingly, we grant the petition to the extent that we quash the order dismissing Tucker’s notice of appeal and remand for the circuit court to reinstate the appeal.
 
 See Mirage Pools, Inc. v. Dewitt,
 
 757 So.2d 1280 (Fla. 4th DCA 2000).
 

 Petition for writ of certiorari granted in part; denied in part.
 

 GROSS, C.J., HAZOURI and GERBER, JJ., concur.