PER CURIAM.
United Automobile Insurance Company petitions for a writ of certiorari seeking review of a circuit court order dismissing petitioner’s appeal. We grant the petition.
Based on a scrivener’s error in the final judgment the circuit court, sitting in its *1285 appellate capacity, believed the trial court’s order was not final or appealable and issued United an order to show cause why the appeal should not be dismissed. United responded that the order was final and there were no remaining matters pending in the trial court. There is no dispute that judicial labor in the trial court had ended.
The circuit court permitted United to obtain a corrected final judgment, but provided that if it failed to do so before the appellate record was transmitted, the appeal would be dismissed. At the time this order issued, the clerk had already transmitted the record on appeal, making it impossible for United to fully comply with the appellate court’s order. However, United obtained a corrected final judgment and five days later filed an amended notice of appeal, otherwise complying with the order. Twenty-nine days after the trial court entered the corrected final judgment, the circuit court dismissed the appeal because the record was transmitted before United complied with the circuit court’s order. United did not receive the circuit court’s dismissal order in time to file a new notice of appeal from the corrected final judgment.
We agree that, based on the circumstances in this case, dismissal of the appeal was a departure from the essential requirements of law, and United was denied due process. See Tucker v. Charles D. Franken, P.A., 62 So.3d 1207 (Fla. 4th DCA 2011); Rupp v. Dep’t of Health, 963 So.2d 790, 793 (Fla. 3d DCA 2007) (recognizing “Florida law is clear that the law does not impose penalties upon an individual for failing to take certain actions which it is physically impossible for that individual to take”); Perez & Perez, M.D., P.A. v. Holder, 867 So.2d 622, 624 (Fla. 2d DCA 2004) (“Due process requires that a court imposing a deadline on a litigant for the performance of a particular act give the litigant reasonable notice of the deadline before the deadline arrives.”). We grant the petition for second-tier certiorari and quash the dismissal order.

Petition Granted.

WARNER, HAZOURI and LEVINE, JJ., concur.