PER CURIAM.
We deny petitioner Florida Capital Management’s petition for second-tier certiora-ri to review an order of the circuit court for Palm Beach County that dismissed petitioner’s appeal for failure to submit an initial brief. Petitioner and respondent Town of Palm Beach had been involved in a dispute over purported code violations attributed to property owned by petitioner. After the parties negotiated a particular amount of fine to be levied for the alleged violations, petitioner filed a notice of appeal on June 17, 2011 in Palm Beach County circuit court seeking appellate review. Petitioner’s appellate counsel sought and received two separate extensions of time to file the initial brief in that appeal, but no initial brief was filed and no further extension of time was sought by appellate counsel for petitioner.
As a result, on March 18, 2012, the circuit court, sitting in its appellate capacity, sua sponte issued an order directing petitioner to show cause why the appeal should not be dismissed for failure to serve the initial brief within thirty days of the second extension of time granted by that court. This order stated that failure to respond within ten days of the date of that order “will result in dismissal of [petitioner’s] appeal” (emphasis supplied). Thereafter, on May 21, 2012, the circuit court issued an order dismissing petitioner’s appeal, citing Fla. R.App. P. 9.410. At that time, petitioner had still not filed either an initial brief or third motion for extension of time to do so. After petitioner’s motion for rehearing was denied by the circuit court, petitioner petitioned this court for a writ of certiorari seeking to quash the circuit court’s order of dismissal, arguing that dismissal was too severe a sanction under the facts of this case, citing the failure of appellate counsel to keep petitioner’s owner informed of the status of the case.
Review by certiorari of a decision of a circuit court sitting in its appellate capacity involves consideration of whether the order provided the petitioner procedural due process and applied the correct law. Custer Med. Ctr. v. United Auto. Ins. Co., 62 So.3d 1086, 1098-94 (Fla.2010); Kirrie v. Indian River Cnty.Code Enforcement Bd., 104 So.3d 1177, 1179 (Fla. 4th DCA 2012). Here, Florida Rule of Appellate Procedure 9.410(a) provides that with ten days notice, an appellate court may, as a sanction for violation of the Florida Rules of Appellate Procedure, dismiss an appeal filed under those rules. Here, the circuit court’s original show cause order of March 18, 2012, explicitly warned petitioner that its appeal was subject to dismissal if that order was not complied with. As a consequence, the court’s subsequent order of dismissal comported with due process. Baron v. First Union Nat’l Bank, 792 So.2d 708, 710 (Fla. 5th DCA 2001); Swicegood v. Fla. Dep’t of Transp., 394 So.2d 1111, 1112 (Fla. 1st DCA 1981).
In addition, the circuit court applied the correct law to the facts of this case, as the intentional disregard of a court order provides justification for dismissal of an appeal for failure to timely file the initial brief. United Auto. Ins. Co. v. *391 Cnty. Line Chiropractic Ctr., 8 So.3d 1258, 1260 (Fla. 4th DCA 2009). The petitioner failed to respond to the circuit court’s March 18, 2012 order to show cause after failing to either file the initial brief or again move for extension of time to do so. As a result, the circuit court was authorized by Rule 9.410(a) to impose dismissal as a sanction for failure to prosecute the appeal in this case.

Petition denied.

MAY, C.J., WARNER and STEVENSON, JJ., concur.