# Third District Court of Appeal

**State of Florida**

Opinion filed April 8, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2890
Lower Tribunal No. 14-233
_____


**I Creatives, Inc.,**
Petitioner,

vs.

**Premier Printing Solutions, Inc., et al.,**
Respondents.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Maria Verde, Marisa Tinkler Mendez, and Milton Hirsch, Judges.

Seipp, Flick & Hosley and Douglas H. Stein, for petitioner.

Reppas & Brannelly and George C. Palaidis, Michael J. Reppas and Colleen Brannelly (Plantation), for respondents.


Before SHEPHERD, C.J., and EMAS and SCALES, JJ.

SHEPHERD, C.J.

I Creatives, Inc., seeks certiorari relief from a dismissal of its appeal to the circuit court appellate division of a final judgment of the county court for failure to timely file its initial brief. Because the court failed to afford the appellant post-failure notice that the appeal may be dismissed, we grant the petition and quash the order of dismissal.

On May 22, 2014, a final judgment was entered against I Creatives in the county court. I Creatives then filed a notice of appeal in the circuit court from the judgment. The notice was signed by its president alone,[1] but was filed and served electronically by I Creatives' trial counsel, Ms. Marquez. The clerk of the circuit court appellate division acknowledged receipt of the appeal by letter to I Creatives' president on June 23, 2014. The acknowledgement stated appellant's initial brief was due on August 4, 2014,[2] and warned that failure to file the brief by the given date "shall result in the dismissal of the case."

On July 28, 2014, Sinead Baldwin, Esq., of Jorge M. Abril, P.A., filed a notice of appearance in the appeal on behalf of I Creatives. On August 5, 2014, the clerk of the court filed the index to the record, listing Ms. Baldwin as the attorney

_____

[1]"It is well recognized that a corporation, unlike a natural person, cannot represent itself and cannot appear in a court of law without an attorney." Szteinbaum v. Kaes Inversiones y Valores, C.A., 476 So. 2d 247, 248 (Fla. 3d DCA 1985). The circuit court appellate division should have required appellant to refile its notice through an attorney. See Telepower Commc'ns, Inc. v. LTI Vehicle Leasing Corp., 658 So. 2d 1026 (Fla. 4th DCA 1995).
[2]The correct date was August 29, 2014. See Fla. R. App. Proc. 9.110(f) ("Appellant's brief shall be served within 70 days of filing the notice.")

2

of record for appellant. On September 11, 2014, appellees moved to dismiss the appeal on the ground the initial brief had not been filed. The motion to dismiss was served on Ms. Marquez but, due to an error by appellees' counsel in entering Ms. Baldwin's email address, the motion did not reach appellate counsel for I Creatives. On October 2, 2014, the circuit court appellate division granted appellees' motion and dismissed the appeal; I Creatives' subsequent motion to vacate the dismissal was denied.

In considering a petition for second-tier certiorari review from a circuit court appellate division decision, this court exercises its discretion to grant review only when the circuit court has not afforded procedural due process or has violated a clearly established principle of law resulting in a miscarriage of justice. Ivey v. Allstate, 774 So. 2d 679, 680 (Fla. 2000). We conclude the dismissal in the instant action violated I Creatives' right to procedural due process.

It is well established that an appeal may be dismissed for failure to file an initial brief. Fla. R. App. P. 9.410; see also Fla. Capital Mgmt., LLC v. Town of Palm Beach, 114 So. 3d 389 (Fla. 4th DCA 2013). However, it is equally well settled in this district that dismissal of an appeal without a prior notice warning of imminent dismissal is a denial of due process. See, e.g., Nicaragua Trader Corp. v. Alejo Fla. Props., LLC, 19 So. 3d 395 (Fla. 3d DCA 2009); Miami-Dade Med. Ctrs., Inc. v. MGA Ins. Co., 908 So. 2d 1175 (Fla. 3d DCA 2005); United Auto.

3

Ins. Co. v. Total Rehab & Med. Ctr., 870 So. 2d 866 (Fla. 3d DCA 2004). Florida Rule of Appellate Procedure 9.410 authorizes an appellate court to dismiss a case on its own motion, but only after ten-days' notice warning of possible dismissal. Although the rules do not specify the number of days notice that must be given before granting a motion to dismiss, this court has indicated that a ten-day notice is likely to be sufficient. United Auto. Ins. Co., 870 So. 2d at 869, n. 3 ("For example, where the court becomes aware that the initial brief has not been filed, but there was no previous 'no further extensions' order, it is customary to enter an order giving the party ten days to file the initial brief with a warning that failure to comply may result in dismissal of the appeal.").

Respondents argue that the clerk's acknowledgement letter, albeit with an incorrect due date, was sufficient to meet due process requirements. We disagree. A dismissal for failure to file a brief is a "sanction" imposed upon a party for failure to comply with the rules of the court, terminating the party's rights to a merits decision by the court. Implicit within the concept is some degree of disrespect for court processes bordering on, if not explicitly constituting, willful noncompliance. See Johnson v. Skarvan, 27 So. 3d 178 (Fla. 5th DCA 2010); see also Florida Bar v. Norkin, 132 So. 3d 77 (Fla. 2013). Mere noncompliance with a pre-failure communication by the clerk of the court does not *ipso facto* reach that level of disrespect.

Because Ms. Baldwin, I Creatives' appellate counsel of record, did not receive any post-failure notice warning that the appeal was about to be dismissed for failure to file an initial brief, I Creatives was deprived of procedural due process. Accordingly, we grant the petition, quash the October 2, 2014 order dismissing the appeal, and remand for further proceedings.