# Third District Court of Appeal

## State of Florida

Opinion filed March 28, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2625
Lower Tribunal Nos. 15-15320 & 17-165
_____

**Shane Burnett,**
Petitioner,

vs.

**Target Corporation,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Appellate Division, Sarah I. Zabel, Valerie R. Manno Schurr, and Monica Gordo, Judges.

Shane Burnett, in proper person.

Bowman & Brooke, LLP, and Stephanie M. Simm and Shawn Y. Libman, for respondent.

Before SUAREZ, LAGOA and SCALES, JJ.

SCALES, J.

Petitioner Shane Burnett seeks second-tier certiorari review of an order

by the Appellate Division of the Miami-Dade Circuit Court ("Circuit Court")

dismissing his appeal of an order rendered against him by the Miami-Dade County Court's Small Claims Division. We grant Burnett's petition because the circuit court dismissed Burnett's appeal without affording him the requisite procedural due process.

## I. Relevant Facts and Procedural Background

In April of 2017, Burnett appealed to this Court an order of the Miami-Dade County Court Small Claims Division dismissing, with prejudice, Burnett's Statement of Claim against Target Corporation (case number 3D17-994). Contemporaneously with his notice of appeal, Burnett filed with this Court a Motion to Appear in Forma Pauperis, seeking, pursuant to Florida Rule of Appellate Procedure 9.430, a waiver of the statutorily required appellate filing fee. Without ruling on Burnett's Forma Pauperis motion, we, *sua sponte*, transferred Burnett's appeal, including Burnett's Forma Pauperis motion, to the Circuit Court.

In May of 2017, Burnett filed his initial appellate brief in the Circuit Court, and Target responded by filing a June 5, 2017 motion to dismiss Burnett's appeal. Target's dismissal motion asserted, among other things, that Burnett's appeal should be dismissed for Burnett's failure to pay the $287.00 filing fee for the appeal. On June 15, 2017, the appellate panel of the Circuit Court entered two separate orders: (i) an order granting Burnett's Motion to Appear in Forma

Pauperis; and (ii) a related order denying Target's motion to dismiss Burnett's appeal.

On June 20, 2017, Target then filed a detailed Motion for Rehearing, arguing that the Circuit Court should not have granted Burnett's Forma Pauperis motion. Target argued that Burnett had failed to complete the required Application for Determination of Civil Indigent Status ("Application") and that Burnett had filed some eighteen civil cases during the preceding two years, paying thousands of dollars in filing fees. Target further argued that the Circuit Court failed to take into consideration that, in the same two-year period, Burnett had been declared indigent in only three of twenty-five criminal matters in which Burnett had been named as a defendant.

It appears that on August 28, 2017, the appellate panel of the Circuit Court signed an order granting Target's June 20th rehearing motion. The panel checked the "Granted" box in the form order; then the order states: "Appellant shall file the Application for Determination of Civil Indigent Status within thirty (30) days of the date of this order. Failure to do so may result in the granting of motion to dismiss appeal." This order does not vacate either of the June 15th orders; and, oddly, both this order, and the Circuit Court's docket sheet, indicate that this order was not docketed by the Circuit Court until September 27, 2017 ("September 27 Order").

3

Then, prior to the expiration of the thirty days referenced in the September 27 Order (regardless of whether this 30 days is calculated from August 28 or September 27), the same appellate panel signed an unelaborated order *denying* Target's June 20th Motion for Rehearing. This order – plainly contradicting the September 27 Order – is both signed and docketed on September 28, 2017 ("September 28 Order").

On October 5, 2017, Burnett filed a motion seeking clarification of the Circuit Court's "competing orders." Target filed no response to Burnett's clarification motion. Rather, on November 8, 2017, Target filed a renewed motion to dismiss Burnett's appeal alleging that, among other things, Burnett failed to file an Application as required by the September 27 Order. Target's motion makes no mention of the "competing" September 28 Order. On November 17, 2017, the Circuit Court's appellate panel entered an order denying Burnett's October 5th motion for clarification. The order states that Burnett has "failed to comply with the court order dated August 28, 2017."[1] Again, this November 17 order vacates neither of the same panel's June 15th orders, nor the September 28 Order denying Target's June 20th Motion for Rehearing.

---

[1] While neither the record nor the Circuit Court's docket sheet makes reference to an earlier order adjudicating Burnett's October 5th clarification motion, the Circuit Court's docket sheet contains an October 23, 2017 entry indicating that an order denying Burnett's clarification motion was received by return mail on this date.

Finally, on November 29, 2017, a different appellate panel of the Circuit Court entered the challenged unelaborated order granting Target's November 8th renewed dismissal motion. Burnett sought to challenge this November 29, 2017 dismissal order both by appealing the order and petitioning this Court for mandamus relief; we treated Burnett's challenge to the order as a petition seeking certiorari review[2] and ordered briefing accordingly. With his notice of appeal, Burnett also filed with this Court a Motion to Appear in Forma Pauperis (seeking waiver of the statutorily required filing fee); and we carried this Forma Pauperis motion with the case.

**II. Standard of Review**

We employ second-tier certiorari review of an order of the circuit court's appellate division dismissing an appeal, <u>Nicaragua Trader Corp. v. Alejo Fla. Props., LLC</u>, 19 So. 3d 395, 396 (Fla. 3d DCA 2009), and grant certiorari relief only when the circuit court has not afforded procedural due process or has violated a clearly established principle of law resulting in a miscarriage of justice. <u>I Creatives Inc. v. Premier Printing Sols.</u>, 163 So. 3d 606, 607 (Fla. 3d DCA 2015).

Our analysis is guided by two well-settled principles: (i) due process requires giving a litigant reasonable notice of a deadline before that deadline arrives; and (ii) Florida's public policy favors deciding controversies on their

---

[2] <u>See</u> Fla. R. App. P. 9.040(c).

5

merits. <u>Nicaragua Trader Corp.</u>,19 So. 3d at 396-97. We are also mindful that dismissal of an appeal is regarded as an extreme sanction and is therefore normally reserved for the most flagrant violations of the appellate rules. <u>See</u> <u>United Auto. Ins. Co. v. Total Rehab & Med. Ctr.</u>, 870 So. 2d 866, 869 (Fla. 3d DCA 2004).

### III. Analysis

Burnett argues that he was not afforded adequate procedural due process when the Circuit Court dismissed his appeal because the Circuit Court's conflicting orders failed to provide the requisite notice that his appeal would be dismissed if he did not complete the Application.

While not clear from the Circuit Court's unelaborated November 29th dismissal order, it appears the Circuit Court dismissed Burnett's appeal because Burnett failed to complete the Application as required by the September 27 Order granting Target's June 20th rehearing motion. Yet, *three* Circuit Court orders belie any such requirement: (i) the June 15, 2017 order granting Burnett's motion to appear in Forma Pauperis, (ii) the related June 15, 2017 order denying Target's motion to dismiss Burnett's appeal for failure to pay a filing fee, and (iii) the September 28 Order expressly denying Target's June 20th rehearing motion directed toward these June 15, 2017 orders. Even when the inconsistency between the September 27 Order and these three orders  was specifically brought to the

6

attention of the Circuit Court by Burnett's October 5th Motion for Clarification, *none* of these three orders was ever vacated by the Circuit Court.

Thus, Burnett was put in the unenviable position of having to divine: (i) whether his Forma Pauperis motion "remained" granted, (ii) which Circuit Court orders were effective, and (iii) which Circuit Court orders were erroneous or impliedly had been set aside. Because the September 28 Order – plainly denying Target's June 20 rehearing motion – was rendered *after* the September 27 Order purportedly granting Target's June 20th rehearing motion (and containing the requirement that Burnett complete the Application within thirty days), and because this September 28 Order was never vacated by the Circuit Court, it was not entirely unreasonable for Burnett to conclude that the Circuit Court simply had revisited its earlier September 27 Order, and was denying Target's June 20th rehearing motion.

While on this record we cannot be certain, the Circuit Court's September 28 Order probably was erroneous and entered accidentally; and, to be on the safe side, Burnett either should have paid the filing fee or completed the Application, especially because Burnett's initial briefing of his appeal was complete. Given the unique circumstances of this case, however, as well as the confusion caused by the Circuit Court's "competing orders," Burnett's due process argument is well taken.

If it were the Circuit Court's desire for the parties to ignore the September 28 Order, or for that order to have no force and effect, the Circuit Court should

have – either *sua sponte* or as part of its adjudication of Burnett's October 5th Motion for Clarification – vacated or otherwise set aside the order. The September 28 Order, though, was not set aside; and because this September 28 Order *materially conflicted* with the September 27 Order, we conclude that the Circuit Court did not provide reasonable notice that Burnett's appeal would be dismissed if Burnett did not complete the Application. Burnett's appeal was therefore dismissed without affording Burnett the requisite procedural due process. See I Creatives, 163 So. 3d at 608.

**IV. Conclusion**

We therefore grant the petition, quash the November 29, 2017 dismissal order, and remand for further proceedings.[3]

---

[3]We also grant Burnett's December 7, 2017 Motion to Appear in Forma Pauperis filed with this Court in conjunction with this case, which motion we carried with the case's merits. Our adjudication of this December 7th motion, however, should not be construed as adjudicating or opining upon Burnett's May 2017 Motion to Appear in Forma Pauperis, initially filed in this Court in case number 3D17-994 and transferred to the Circuit Court.