# Third District Court of Appeal

**State of Florida**

Opinion filed April 11, 2018.

_____

Nos. 3D18-0250
Lower Tribunal Nos. 16-404, 16-405, 16-406, 16-407, 16-408, 16-466,
16-467, 16-468, 16-469, 16-470, 16-473, 16-474, 16-475, 16-476, 16-477, 16-478,
16-479, & 16-491

_____

**Windhaven Insurance Company,**
Petitioner,

vs.

**Biscayne Rehab Center, Inc., Martinez Chiropractic, Llc, Palmetto Wellness Clinic, Llc, Progressive Rehabilitation and Orthopedic Services, Llc, and West Kendall Rehab Center, Inc.,**
Respondents.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Appellate Division, Jose M. Rodriguez, David C. Miller, and Antonio Arzola, Judges.

Akerman LLP, Marcy Levine Aldrich, Nancy A. Copperthwaite, and Ross E. Linzer, for petitioner.

The Coyle Law Firm, P.A., and Melisa Lee Coyle, for respondents.


Before EMAS, FERNANDEZ and LINDSEY, JJ.

_ON CONFESSION OF ERROR_

LINDSEY, J.

In this petition for writ of certiorari, Windhaven Insurance Company ("Windhaven") seeks reinstatement of eighteen consolidated appeals which were dismissed by the appellate division of the circuit court for failure to timely file an initial brief. Upon commendable confession of error by Respondents Biscayne Rehab Center, Inc. Martinez Chiropractic, LLC, Palmetto Wellness Clinic, LLC and West Kendall Rehab Center, Inc., and because the appellate division of the circuit court entered conflicting orders and failed to afford Windhaven notice that the appeals would be dismissed, we grant the petition and quash the order of dismissal.

In late 2016, Windhaven filed notices of appeals of summary judgments entered by the county court in Respondents' favor. The appeals were subsequently consolidated by an administrative judge of the appellate division of the circuit court. On February 23, 2017, April 26, 2017, June 29, 2017, and September 18, 2017, Windhaven filed unopposed motions for extension of time to file its initial brief. Each of the four orders granting these extensions is stamped with the notation: "Failure to comply with this order may result in dismissal of the appeal or other sanction." The fourth order granted an extension through October 5, 2017.

On October 4, 2017, just one day prior to the deadline imposed by the fourth order granting an extension, Windhaven filed a fifth motion for extension of time

to file its initial brief. On October 5, 2017, Respondents filed their objection to Windhaven's fifth motion and moved for dismissal of the appeals, contending that the initial brief had not been filed by the October 5, 2017 deadline and no motion for continuance had been granted. Moreover, Respondents requested dismissal "based upon the undue delay of [Windhaven] in filing its [i]nitial [b]rief."

Thereafter, on October 6, 2017, an associate administrative judge of the appellate division granted Windhaven's fifth motion and entered an order extending the time through December 4, 2017 for the filing of the initial brief. The extension order is stamped with the notation: "No further extensions will be granted and failure to comply with this order will result in the dismissal of this appeal."

On October 20, 2017, Windhaven filed its response in opposition to Respondents' motion to dismiss the appeals, requesting that the motion be denied as moot and frivolous in light of the fact that an order granting Windhaven's fifth motion for an extension through December 4, 2017 had already been entered. On October 25, 2017, just five days after Windhaven had filed its response in opposition to Respondents' motion to dismiss the appeals, the appellate panel entered an unelaborated order granting Respondents' motion to dismiss Windhaven's appeals.

On November 6, 2017, Windhaven filed a motion for rehearing and

clarification, requesting that the appellate panel vacate the order of dismissal on the grounds it conflicts with the October 6, 2017 extension order entered by the associate administrative judge and violates Windhaven's due process rights. On November 8, 2017, Respondents filed their response to the motion for rehearing and clarification, wherein they conceded that the appellate panel erred procedurally and should have issued a direction to file the initial brief with a warning that failure to do so would result in dismissal.

On December 4, 2017, Windhaven filed its initial brief. On December 14, 2017, Respondents filed a motion for extension of time to file their answer brief. On December 18, 2017, another associate administrative judge of the appellate division granted an extension through February 24, 2018 for the filing of the answer brief. On January 23, 2018, the appellate panel, in an unelaborated order, denied Windhaven's motion for rehearing and clarification. This petition for writ of certiorari follows.

This Court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(2)(B) to review final orders of circuit courts acting in their review capacity. In considering a petition for second-tier certiorari review, this Court "exercises its discretion to grant review only when the circuit court has not afforded procedural due process or has violated a clearly established principle of law resulting in a miscarriage of justice." I Creatives, Inc. v. Premier Printing

Solutions, Inc., 163 So. 3d 606, 607 (Fla. 3d DCA 2015) (citing Ivey v. Allstate, 774 So. 2d 679, 680 (Fla. 2000)).

"Florida Rule of Appellate Procedure 9.300(b) provides for tolling proceedings pending disposition of certain motions. A motion for extension of time to file a brief tolls the time for filing until the motion is ruled on." Nicaragua Trader Corp. v. Alejo Fla. Props., LLC, 19 So. 3d 395, 397 (Fla. 3d DCA 2009) (citing Kuznik v. State, 604 So. 2d 37 (Fla. 2d DCA 1992)).

Here, Windhaven filed its fifth motion for extension of time on October 4, 2017, just one day prior to the October 5, 2017 deadline imposed by the order granting the fourth motion for an extension. Respondents argued that Windhaven's appeals should be dismissed because the initial brief had not been filed by October 5, 2017 and no motion for continuance had been granted. However, pursuant to Rule 9.300(b), the time was tolled by the filing of Windhaven's fifth motion – on October 4, 2017 -- until disposition of that motion.

Although an appeal may be dismissed for failure to file an initial brief, it is well settled "that dismissal of an appeal without a prior notice warning of imminent dismissal is a denial of due process." I Creatives, Inc., 163 So. 3d at 607-608; United Auto. Ins. Co. v. Total Rehab & Med. Ctr., 870 So. 2d 866, 869 ("[T]he great weight of Florida authority holds that the failure to file an initial brief by the deadline is not sufficient cause to justify dismissal of the appeal, unless

there has been fair warning, in advance, that this consequence may flow from a late filing."); see also Nicaragua Trader Corp., 19 So. 3d at 397 ("The failure to timely file a brief has not been deemed serious enough to warrant the sanction of dismissal."). Although the appellate rules do not specify the number of days of notice that must be given prior to granting a motion to dismiss an appeal, this Court has indicated that a ten-day warning is likely to be sufficient. I Creatives, Inc., 163 So. 3d at 607 (citing United Auto Ins. Co., 870 So. 2d at 869 n.3).

Here, the appellate panel gave Windhaven no warning that the appeals would be dismissed. As in Nicaragua Trader Corp., the first four orders granting extensions of time for filing the initial brief stated that "failure to comply with this order *may* result in dismissal. . . ." 19 So. 3d at 397 (quashing the dismissal order where "the record shows no order specifically warning the appellant that his appeal *would* be dismissed if the brief was not filed within ten days"). In contrast, the fifth extension order stated that "failure to comply with this order *will* result in the dismissal of this appeal." (Emphasis added).

The dismissal order and the order denying Windhaven's motion for rehearing and clarification entered by the appellate panel both conflict with the fifth extension order entered by the associate administrative judge. Moreover, this fifth extension order was entered prior to the entry of either of the foregoing orders.[1] In addition, Windhaven filed its initial brief in compliance with the fifth

extension order's deadline of December 4, 2017. Because Windhaven was given no notice of imminent dismissal of its appeals, Windhaven was deprived of procedural due process and we "conclude that there has been a departure from the essential requirements of law, as the law in this area is well-established." United Auto Ins. Co., 870 So. 2d at 869; accord Miami-Dade Med. Ctrs., Inc. v. MGA Ins. Co., 908 So. 2d 1175 (Fla. 3d DCA 2005).

Accordingly, Respondents' confession of error is well taken. Therefore, we grant the petition for writ of certiorari, quash the order of dismissal, and remand for reinstatement of the appeals.

Petition granted; order quashed.

---

[1] Given the flurry of activity in the case below in a relatively short period of time which extended over the end of the year holiday season, perhaps the relevant filings and orders were unavailable to the appellate panel at the time it entered its orders dismissing Windhaven's appeals and denying Windhaven's motion for rehearing and clarification of the order of dismissal.